(110 App. Div. 152.)

### BEERS v. GRANT et al.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

1. WILLS—CONSTRUCTION—POWER OF APPOINTMENT.

   Testator bequeathed one-sixth of his residuary estate to trustees, to pay the income to his daughter for life, and after her death to divide into as many shares as there should be children of the daughter living at her decease, and in case of a failure of such children to transfer such trust fund to the daughter's heirs at law in such shares as they would inherit real estate of which the testator died possessed and intestate, provided that, in case the daughter should die unmarried and without leaving lawful issue surviving, she was authorized to appoint persons who should take her share of the estate. *Held*, that the daughter's power of appointment was conditional both on her remaining unmarried and dying without issue, so that on her death without issue, leaving her husband surviving, he was not entitled to take such fund as the sole beneficiary under her will.

   [Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, §§ 1652, 1654.]

2. SAME.

   On the daughter's death without issue after testator's death, the trust fund passed to such persons as would have been the testator's heirs at law, had he died immediately after the death of the daughter.

   [Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, §§ 1414–1480.]

   O'Brien, P. J., dissenting.

Appeal from Judgment on Report of Referee.

Action by Lucius H. Beers, as substituted trustee under the will of one Manice, deceased, against Caroline A. Grant and others. From a judgment entered on a referee's report, defendant James T. Smith appeals. Affirmed.

Argued before O'BRIEN, P. J., and INGRAHAM, LAUGHLIN, and CLARKE, JJ.

H. C. Lakin, for appellant.

J. M. Perry, for respondent.

INGRAHAM, J. This case comes before us as a remnant of Manice v. Manice, 43 N. Y. 303, and presents a question arising under a clause of Mr. Manice's will which there was no occasion in that case to construe. The present appeal is by Mr. James Tuttle Smith, individually and as executor of the will of his wife, Frances Manice Smith, from a judgment entered upon the report of a referee in an action brought for an accounting by Mr. Beers, as substituted trustee, upon the termination of the trust, to settle his accounts. The question involved relates to the ownership of the corpus of a fund constituted or created under the sixteenth clause of the will of Mr. Manice for the benefit of his daughter, Frances. The appellant claims the whole of that fund; or, if that claim be not sustained, then he insists that he is entitled, as his wife's executor, to one-fifth of the ·fund held in trust for her. His claim to the whole rests upon provisions of the will of his wife (which was duly proven) appointing her share in her father's estate to her husband. Alternatively, he claims one-fifth of two-twelfths of the testator's estate held in trust for Mrs. Smith; the latter claim being asserted on the ground that upon her death without issue the estate held in trust for her passed to the heirs at law of Mr. Manice, and that Mrs. Smith was one of such heirs at law. The learned referee has held that neither of the contentions of the appellant is correct, and has awarded the whole fund to the respondents, as between whom there is no controversy before us; and therefore we will only consider the question of the construction of the will as affecting the right of Mr. Smith to participate in the estate of Mr. Manice, the original testator. We have but little to add, if anything, to what the referee has expressed in his opinion.

There is no dispute as to the facts. The testator executed his will on August 23, 1858. His family then consisted of his mother, his wife, two sons, a married daughter, Mrs. Lockwood, and two unmarried daughters, Caroline Amelia Manice and Frances Isabella Manice, who are all referred to in the will. The testator died in April, 1862. There was a codicil to the will; but it does not seem at present important. By the sixteenth clause of his will, the testator gave to trustees two equal twelfth parts of his residuary estate in trust to invest and pay the income for the use of his daughter Frances (Mrs. Smith) for and during her natural life, and after her death to divide the said two-twelfths into as many shares as there should be children of his said daughter Frances living at her decease. The testator then provided that, in case of failure of children of his said daughter Frances, his executors and trustees should transfer and pay over the said two-twelfths to her heirs at law in such shares and proportions as by the laws of the state of New York they would take and inherit real estate of which he should die possessed and intestate, provided, however, that in case either of his daughters should

die unmarried and without leaving lawful issue her surviving she was authorized and empowered to make an instrument of appointment in the nature of a last will and testament, disposing of the said shares of his estate so to be held in trust for her benefit, and in case of her death the same should be transferred to the persons and parties in the shares and proportions which she should so appoint. Mrs. Smith died after her father, without children her surviving, and left a will giving her property to her husband, including that over which she had a power of appointment; but it is obvious that according to the language of the will, which expresses a clear intention of the testator, the power of appointment could not be exercised unless she died unmarried and without issue. This seems not to be open to controversy. The right to appoint depended upon the daughter dying unmarried and without issue. There is no ground for claiming that the word "and" is to be read "or." The power of appointment was to be exercised under particular circumstances, and was not a general, but, on the contrary, a strictly limited power. The referee in so holding was right.

But the claim is made that, even if the power of appointment did not exist, Mr. Smith is entitled to one-fifth of the two-twelfths of the estate which Mr. Beers held in trust for Mrs. Smith, that the share of Mrs. Smith in her father's estate passed to the heirs at law of the testator, and that she was one of such heirs. We think the referee is right in his understanding of the scheme of the will, and that Mrs. Smith had no interest in the property which would pass by bequest or devise to her husband, and that the conclusion at which he arrived was correct, namely, that upon the death of Mrs. Smith it became the duty of the trustee to convey, transfer, and pay over the trust fund, both real and personal, in the shares which they would have taken to and among those who would have been Mr. Manice's heirs at law had he died a moment after Mrs. Smith's death.

The judgment should be affirmed, with costs.

LAUGHLIN and CLARKE, JJ., concur.

O'BRIEN, P. J. (dissenting). I dissent from the conclusion reached by a majority of this court. While the Manice will now in question has been the subject of elaborate judicial discussion (Manice v. Manice, 43 N. Y. 403), the decision heretofore rendered is of no aid on the present appeal, as the particular part of the will now in dispute was not then considered.

By the sixteenth clause a trust was established during the life of testator's widow, and upon her death further trusts were provided for, one of which was to continue during the life of Mary C. Lockwood, and another during the life of Frances Isabella Manice, both daughters of the testator. Then among numerous other provisions relating to the trusts appears the one which has given rise to this litigation, and which reads as follows:

"Providing, however, that in case either of my said daughters shall die unmarried and without leaving lawful issue her surviving, she is hereby authorized and empowered to make an instrument of appointment in the nature

of a last will and testament, disposing of the said share of my estate so to be held in trust for her benefit."

This controversy relates to the trust established for the benefit of the daughter Frances Isabella Manice, who, after the testator's death, married the present appellant Smith. She died in 1903, leaving her husband surviving, but no surviving issue; her two sons having predeceased her. By her will she·disposed of the corpus of the trust estate, and the question now presented is whether, under the language of the Manice will quoted, she had the right to so dispose of it, or whether upon her death without surviving issue her interest reverted under other clauses of the Manice will. It is conceded that, if the daughter had not married, she would have had the absolute right of disposing of her interest in the estate by will, and in my opinion it was not the intention of the testator to deprive her of that power if she married, unless, as the result of such marriage, there should be issue living at her death. The purpose of the testator, it seems to me, was to preserve his estate for the children of his daughter in case they should survive her, but, if she died without leaving surviving issue, then she was to have the power of disposing of her interest in the estate by her will, whether she died unmarried or not.

I am not unmindful of the fact that, in order to give the will this construction, it is necessary to change the word "and" in the language quoted to the word "or," but, as said in Roome v. Phillips, 24 N. Y. 463, 470, the rule is settled and should be adhered to that "in all cases 'or' is to be taken for 'and' and 'and' is to be taken for 'or' as may best comport with the intent and meaning of the grant or devise." See, also, Miller v. Gilbert, 144 N. Y. 68, 74, 38 N. E. 979.

For the reason above stated this in my opinion is one of the cases where such a change should be made. To do so is to carry out the intent of the testator, as I read the will, and unless it is done the phrase quoted is redundant. The words are "unmarried and without lawful issue." If the daughter were unmarried, she could not have lawful issue, and the latter words of the phrase are superfluous. When, however, the conjunction is changed so that the phrase reads "unmarried or without lawful issue," then the meaning becomes plain and the purpose of the testator clear, to wit, to preserve the estate to the children of his daughter, if any survive her, and to give her the power of testamentary disposition in case there should be no surviving children.

I cannot agree with the assumption of the referee, as expressed in his opinion and as approved by the prevailing opinion of this court, that the testator may have intended to designate by the word "unmarried," not only a daughter who had not married at all, but also one who might be a widow. To construe "unmarried" as synonymous with "widow" is to give the word a strained and unnatural meaning, not in accordance with its common and accepted use, and there is nothing in the will itself which would sanction such a construction.

For these reasons I am of the opinion that Mrs. Smith had the right to dispose of her interest in the estate by will, and therefore that the judgment appealed from, which holds otherwise, should be reversed.