### In re LEARY'S ESTATE.

(Surrogate's Court, New York County. June 30, 1915.)

WILLS ⬗699—PROBATE—CONSTRUCTION—STATUTE.

Under Code Civ. Proc. § 2615, permitting any person interested in a will to apply to the Surrogate's Court in which the will was probated for a construction thereof, an application, made within one year from testatrix's death by one to whom legacies were given conditioned on his payment of debts to the testatrix within one year after her death, for a construction of the will so as to eliminate the condition on the ground of the impossibility of his compliance therewith, would be denied as premature and as speculative, since his possible compliance therewith would make a construction thereof unnecessary.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1677; Dec. Dig. ⬗699.]

In re estate of Mary C. Leary, deceased testate. Application by Daniel J. Leary for construction of paragraph of will. Application denied.

Armstrong, Brown & Purdy, of New York City (Pierre M. Brown, of New York City, of counsel), for petitioner.

Haight, Sandford & Smith, of New York City, for Marie C. Lowe.

FOWLER, S. This is an application for a construction of paragraph 6 of the codicil to the last will and testament of the testatrix. The application is made under section 2615 of the Code. The paragraph referred to reads as follows:

"Sixth. The provisions made for my son, Daniel J. Leary, by the second paragraph of my said will and the fifth paragraph of this codicil are made

upon condition that my said son, Daniel J. Leary, shall have paid to me prior to my death or shall have paid to my executor within one year after my decease, all moneys owing by him to me, whether individually or as the liquidating member of any copartnership in which he and I, whether alone or with another, were partners; and if said moneys so due to me shall not have been paid to me or to my executor, as aforesaid, then said devise and bequest shall become null and void and the property so devised and bequeathed to my said son shall become part of my residuary estate."

The testatrix died on August 3, 1914, and her will was admitted to probate by this court on the 17th of September, 1914. The executor has not yet filed an account of his proceedings. The petitioner, Daniel J. Leary, alleges that it will be practically impossible for him to comply with the conditions mentioned in the codicil, and he asks the court to hold that the limitation of one year is inoperative and that it should be eliminated from the codicil. If the petitioner before the 3d of August, 1915, makes the payments mentioned and described in the codicil, he will be entitled to the legacies given to him in the will of the testatrix, and no construction of the provisions of the will or codicil will be necessary to determine his right to such legacies. Until that time arrives it cannot be said as a matter of law that he will not comply with the conditions mentioned in the codicil. Therefore any construction of the will based upon the assumption that the legatee will not comply with the conditions mentioned in the codicil would be not only premature, but would be speculative and impractical. It is not the intent of section 2615 of the Code that the surrogate shall construe a will merely for the purpose of relieving the mental anxiety of some legatee or of expressing his opinion of the effect of testamentary dispositions of property under circumstances which may never arise or contingencies which may never happen. It is reasonable to assume that the petitioner will endeavor to comply with the conditions mentioned in the codicil, and any decision which the court might now make in construing the will could be of no assistance to him in his efforts to effect such a compliance. A construction would be entirely unnecessary if he should comply with the conditions of the codicil; it would be ineffective and inapplicable if based upon the assumption that the legatee will not comply with the conditions unless it should take into consideration facts which are not now before the court and which cannot be before the court until the executor files his account. This the surrogate should not do.

The application for a construction of the will at the present time is therefore denied.