In the Matter of the Petition of FRANKLIN TRUST COMPANY, Respondent, to Render and Settle Its Final Account as Executor of the Last Will and Testament of ELLEN M. SUYDAM, Deceased.

JOHN SUYDAM, Appellant; THE BROOKLYN HOSPITAL, Respondent.

Second Department, February 13, 1920.

Wills — trust — devise to religious and charitable institutions after death of life beneficiary — when life tenant not entitled to recover one-half of corpus — invalid future estates.

Where a will creates a trust for the benefit of the husband of the testatrix for life or until his remarriage, the corpus at the end of the trust to be divided equally among various religious and charitable societies, the trustee will not be required to turn over to the life beneficiary who is still living one-half of the trust property upon the theory that the devises to religious and charitable societies are only valid to the extent of one-half of the estate.

In general a valid estate for life must terminate before a final distribution based on invalid future estates or estates in remainder.

APPEAL by John Suydam, objector, from a decree of the Surrogate's Court of the county of Kings, entered in the office of said Surrogate's Court on the 7th day of August, 1919, overruling his petition and objections to the judicial settlement of the final accounts herein.

The 3d clause of the will devised and bequeathed testatrix's residuary estate to the Franklin Trust Company, in trust for the use of her husband, said John Suydam, during his life, or until his remarriage. Upon John Suydam's death, or his remarriage, the 4th clause directed her executor to divide her

Second Department, February, 1920.          [Vol. 190.

estate equally among ten different religious and charitable societies. As John Suydam was living at the date of the will, and also survived the testatrix, this disposition to charities could only be upheld as to the half of her estate. (Decedent Estate Law, § 17.)

The husband petitioned the surrogate that all the personalty in this half of the estate be turned over to him. The learned surrogate, however, denied payment of the principal upon this accounting.

*I. R. Oeland* [*Charles F. Black* with him on the brief], for the appellant.

*Richmond L. Brown,* for the respondent Franklin Trust Company.

*Theodore L. Frothingham,* for the respondent Brooklyn Hospital.

*Simeon B. Chittenden,* for the New Utrecht Reformed Church and others.

PUTNAM, J.:

Upon this accounting of the executor's proceedings, the Franklin Trust Company will hold the proceeds in the capacity of trustee under the 3d clause of this will. As an estate in trust for life now intervenes, distribution of the principal was rightly denied. However desirable it might be to look ahead, and by anticipating the later division, pronounce on the semi-invalidity of these future estates, the court should not dismember the present valid trust because of what may happen after its termination. It is not a case of present testamentary failure (like a will to benevolent associations not executed two months before death, as in *Lefevre* v. *Lefevre,* 59 N. Y. 434), which, as to such a bequest, raised an immediate intestacy.

In general, a valid estate for life must terminate before making a final distribution based on invalid future estates, or estates in remainder.

The early contests which set aside attempted charitable uses did not reach the courts until the life estate had expired.

(*Owens* v. *Missionary Society of M. E. Church*, 14 N. Y. 380; *Trustees of Theological Seminary of Auburn* v. *Kellogg*, 16 id. 83; *Ayres* v. *Methodist Church, etc.*, 3 Sandf. 351.)

*Matter of Brooklyn Trust Company* (179 App. Div. 262) turned on the administration of an estate where the will purported to bequeath excessive sums to charity. There were remainders to charitable corporations after the lives of a son and daughter, also a final residuary bequest to these same charitable institutions. Mr. Justice BLACKMAR wrote (p. 266): "There is no necessity to impound any part of the estate until the end of the two trusts in order to carry out the will of the testatrix as far as the statute permits." This meant that when, under proper computation, the charitable institutions receive a sum equal to half the estate, whether by the residuary clause or not, their rights are thereby satisfied and discharged.

Attempts to settle points that may arise under a will creating estates in expectancy are often futile. Such an effort, noticeably painstaking, in *Manice* v. *Manice* (43 N. Y. 303), did not prevent another litigation upon the same will which reached the Court of Appeals thirty-five years later. (*Matter of Mount*, 185 N. Y. 162, 170. See *Beers* v. *Grant*, 110 App. Div. 152; affd., 185 N. Y. 533.) At present, appellant is to be a *cestui que trust*. That trust is good, with no invalidity in the trustee's title; hence the accounting proceedings rightly resulted in the judgment below.

The decree of the Surrogate's Court should, therefore, be affirmed, with costs payable out of the estate to the several parties who have appeared and filed briefs upon this appeal.

RICH, BLACKMAR, KELLY and JAYCOX, JJ., concur.

Decree of the Surrogate's Court of Kings county affirmed, with costs payable out of the estate to the several parties who have appeared and filed briefs upon this appeal.