In the Matter of the Estate of CATHERINE E. S. STUYVESANT, Deceased.

Surrogate's Court, New York County, April 26, 1928.

Wills — construction — necessity for construction — will devised residue of estate into two equal parts which are constituted two trust funds — income from one trust fund is to be paid to sister of testatrix for life, and upon death principal to go to her descendants — if she dies without descendants, trust is to continue during life of testatrix's brother, beneficiary of other trust, and upon his death principal to go to his descendants — other trust for benefit of brother was similar — will provides that upon death of survivor of beneficiaries, if any portion of property remains undisposed of, it would go to uncle of testatrix or descendants per stirpes to extent of $250,000, and also all right in real estate which, at death of survivor of beneficiaries, formed part of trust estates which shall have come to testatrix through mother — will also gives balance over $250,000 and any other property not coming by inheritance as stated to hospital — executors have full and complete power of sale — construction of will as to rights of grandchildren of uncle not required — proceeds of property descending from mother's side of testatrix will be kept separate.

The testatrix set up two trust funds, one for the benefit of her brother and one for the benefit of her sister. The trust for the benefit of the sister provided that upon her death the principal should go to her descendants then living, and if she should die without descendants, the trust should be continued during the lifetime of the brother, and upon his death the principal should go to his descendants. The trust for the benefit of the brother was similar. The will then provided that upon the death of the survivor of the sister and brother, if

any portion of the property of the testatrix should remain undisposed of, under preceding provisions, then the testatrix devised and bequeathed to her uncle, or to his descendants *per stirpes*, in case he should not survive the sister and brother of the testatrix, the sum of $250,000 and also all right of the testatrix in any real estate which, at the death of the survivor of her sister and brother, should form a part of either of the trust estates, and which came to the testatrix by inheritance or devise from members of her mother's family, and which were not disposed of under the preceding provisions of the will. The will, however, devised any balance of the corpus of the trust fund over $250,000, and any property which was not inherited from the mother's side of the testatrix, to a hospital. It also gave the trustees full power of sale of any and all real property.
The special guardian, who represents the children of a daughter of the uncle, seeks a construction of the will. He is premature in his application, for the possibility of those children taking under the terms of the will is remotedly contingent, since that possibility cannot arise unless both the sister and the brother of the testatrix die leaving no descendants, and the uncle, the grandfather of the children, and their mother should predecease the two beneficiaries.
However, as the infants may have a possible interest in the real estate coming to the testatrix on her mother's side, the money realized from the sale thereof is directed to be kept in a separate fund.

ACCOUNTING proceeding by executors and trustees involving construction of will.

*Allen E. Foster*, for the petitioner.

*Lord, Day & Lord*, for the trustees.

*King, Lane & Trafford*, for St. Luke's Hospital.

*Nathan Burkan*, special guardian.

O'BRIEN, S. Upon this executors' and trustees' accounting, two questions have been raised, viz., one by the special guardian involving a construction of subdivision "A" of the 8th paragraph of the will, and the other whether the construction should be pressed at this time, or whether, it being, it is claimed premature, should not be deferred until contingencies have happened within the purview of the will which may make a construction necessary. Paragraph 8 of the will in substance provides for the division of the residue of the estate into two equal parts which are constituted into two trust funds. The income from one trust fund is directed to be paid to the testatrix's sister, Anne W. Stuyvesant, during her lifetime, and upon her death the principal is to go to her descendants then living. If she dies without descendants, the trust is to be continued during the lifetime of the testatrix's brother, Augustus Van Horne Stuyvesant, Jr., the income to be paid to him and upon his death the principal is to go to his descendants. A similar trust is created in the other half for the benefit of Augustus Van Horne Stuyvesant, Jr., and upon his death without descendants the income is to be paid to his sister, Anne W. Stuyvesant, during her lifetime,

and upon her death to her descendants if any. Thus there are two exactly similar cross-remainders created. Said paragraph 8 then continues as follows:

" On the death of the survivor of my sister and my brother, if any portion of my property remains undisposed of under the preceding provisions of this my Will, then and in that event I give, devise and bequeath such portions as have not been so disposed of as follows:

" I give, devise and bequeath to my uncle Campbell Steward, or to his descendants *per stirpes* if he shall not survive my sister and my brother, the sum of Two hundred and fifty thousand Dollars ($250,000) and also all my right, title and interest in any real estate which shall at the death of the survivor of my sister and brother form a part of either of said trust estates, which interest shall have come to me by inheritance or devise from any member of the White or Banyer families, who were relatives of my mother, and which shall not have been disposed of under the preceding provisions of this my Will."

Subdivision B of the 8th paragraph of the will gives any balance of the corpus over the $250,000 aforesaid and any other property which has not come by inheritance from the White and Banyer properties to St. Luke's Hospital. By the 10th paragraph of the will the trustees are given a full and complete power of sale of any real property, including such property as was directed to be held in trust by the 8th paragraph of the will. The value of the real estate which came through the White and Banyer families is approximately $159,643.97. Part of this real estate has been sold by the executors and the amount received therefor was $37,934.89. The special guardian fearing that under said power of sale the executors or trustees may sell the rest of said real estate mentioned in subdivision A and thus endanger the carrying out of the testator's intentions as he interprets them with respect to the devise of said property, seeks a construction now of said paragraph. Read in conjunction with the whole of said will and particularly with the provisions containing the power of sale above referred to, he urges that said paragraph 8, subdivision A, be interpreted so as to provide for a contingent devise of said real estate to his infants. The special guardian further contends in the alternative that the money which is the proceeds of the sale of the White and Banyer properties be held intact in a special fund particularly identified because he claims that his infants have a contingent interest therein. No question is raised as to the absolute right of the executors or trustees to sell the real estate under the power vested in them by the will. He represents Priscilla Livingston Johnson, Katherine Beeckman Johnson and Hallett Johnson, Jr., who are minor children of

Katherine S. Johnson, a daughter of Campbell Steward, so that in case the testatrix's sister and brother both die leaving no descendants, and the said Campbell Steward and his daughter, Katherine S. Johnson, shall predecease Anne W. Stuyvesant and Augustus Van Horne Stuyvesant, Jr., the special guardian's wards would become entitled to participate in a share of the $250,000 and also in the said White and Banyer real estate. As all of the aforesaid are still living, it will be seen that the wards of the special guardian are remotely contingently interested, and that at this time there is no present necessity for having a construction as to the ultimate disposition of the corpus of these two trust funds. The necessity for such a construction may never arise, and if the will were construed at the present time, contingencies might happen in the future which would render such construction erroneous by reason of the changed circumstances. It is the practice of this court, followed in a long line of cases, that under these circumstances the construction is not entertained but is held to await the happening of contingencies when the necessity for a construction by reason of a distribution about to be had arises. (*Matter of Mount,* 185 N. Y. 162; *Matter of Hoffman,* 201 id. 247; *Matter of Horner,* 120 Misc. 450; *Matter of Heaney,* 188 App. Div. 976.) As the infants represented by the special guardian have a possible interest in the proceeds of the sale of the White and Banyer properties, the contention of the special guardian that these moneys should be segregated, particularly identified and kept in a distinct fund, is correct. The decree to be entered on this accounting should specify this particular property that is to be held by the trustees, and if the infants ever become entitled to share in it, it can be readily identified. In view of all the foregoing it is my opinion that the court should not now construe the will, for the reason that there is no present necessity, as no distribution is to be made, since there are four living people who must die without descendants before the contingent interest of these infants will become vested, and that if a decision were made at this time, it might not cover the facts, as they may develop and it might be seriously affected by deaths, births, etc., before a distribution of the property is had. A construction at this time would be premature and would be only academic and would have no binding effect, and under these circumstances it has always been the practice of this court, as sustained by the higher courts, to refuse to entertain the question of construction. A direction in the decree as above suggested will protect the interest of those infants represented by the special guardian. Proceed accordingly.