Gr. Robert Wither, S.
In its petition for the probate of the will herein the executor and trustee named therein pray for a construction of the will. No objection was made to the probate, which was granted; and Frank L. Dutton, Belle Dutton, his Avife, and Harry B. Hall, life tenants under the will, have joined with the executor-trustee in its request for a construction.
By paragraph 2 of the will the testator gave to his sister, Luella Dutton, his house and lot at 36 Merriman Street, Rochester, New York, together Avith furnishings, for life, and lie made the maintenance thereof a charge upon his estate. By paragraph 3 testator proAdded for some legacies and specific bequests, including the gift of his personal effects and auto *506 mobile to his nephew, Harry B. Hall, $2,000 for a single premium life annuity contract payable monthly for the joint benefit of testator’s brother Frank L. Dutton and wife, Belle Dutton, if either of them survived him, and the same for his sister Luella Dutton. Paragraphs 8 and the first three lines of paragraph 9 provide as follows :
“8. All the remainder of my estate, after carrying out the prior provisions of this my last Will and Testament, I direct my executor and trustee to retain, investing the same as it shall see fit, during the life of my sister, Luella Dutton, with full power and authority to devote the income therefrom and any or all of the principal thereof to the maintenance, upkeep and protection of my property at 36 Merriman Street, Rochester, New York, and the furniture and furnishings, as provided in paragraph 2 hereof, and also it (sic) its discretion to provide financial assistance for my said sister, Luella Dutton; my brother, Frank L. Dutton, and his wife, Belle Dutton, and Harry B. Hall, if they, or any of them, in the judgment of my said executor and trustee, shall require assistance beyond their other means and resources.
“ 9. Upon the death of my sister, Luella Dutton, and my brother, Frank L. Dutton, all of my residuary estate which may then remain to the following corporations ”, naming First Baptist Church of Rochester, New York, 40%, Baptist Home, Fairport, New York, 30%, and Rochester Community Chest, Inc., 30%.
The question arises as to the construction to be placed upon the quoted paragraphs, that is, whether the trustee, after the death of Luella Dutton (if she predecease Frank L. Dutton) shall be authorized in its discretion to provide financial assistance for Frank L. Dutton, Belle Dutton and Harry B. Hall during the lifetime of Frank L. Dutton, upon the terms specified in paragraph 8.
The residuary legatees originally objected to the court’s construing the will at this time, on the ground that a construction would be unnecessary if Frank L. Dutton, a man in his seventies, should predecease Luella Dutton. Upon this argument it was asserted and not questioned that Frank L. Dutton and wife have been in extremely poor financial circumstances. In their behalf it was argued that their peace of mind in their old age requires a present construction, so that they will know whether the trustee may provide financial assistance to them should Luella Dutton predecease Frank L. Dutton. The trustee stated that in its administration of the estate it is important to. it to be advised now of the construction to be placed upon the will. *507 Although it does not seem necessary that an immediate construction of the will be made, I am impressed with the argument that much peace of mind may be brought to the life tenants in question by construing it now. They should realize, however, that a construction favorable to them still may not protect Belle Dutton or Harry B. Hall after the death of Luella Dutton in the event of the death of Frank L. Dutton in the lifetime of Luella. It has been held that a court will not construe a will solely to relieve the mental anxiety of a legatee in respect to a contingency which may never occur. (Matter of Leary, 91 Misc. 466.) Here it is asked that a construction be made which events may render unnecessary. Still, under the circumstances, I think ffiat the request of the life tenants for construction now should be granted. No harm to the estate can come from entertaining the application now, except the expense of such allowances as may be granted to counsel participating in the construction. The court has jurisdiction to determine the question at this time. (Surrogate’s Court Act, § 40, subd. 8; § 145; Tonnele v. Wetmore, 195 N. Y. 436; Read v. Williams, 125 N. Y. 560; Francis v. Wesson, 168 Misc. 676.) It is a matter within the discretion of the Surrogate. (Matter of Mount, 185 N. Y. 162.) This is not a case of making a decision determining the devolution of property, where a possible contingency might later result in a different determination. Here a construction is made which will guide the executor-trustee no matter what the event. (Matter of Slattery, 132 Misc. 319; and see Matter of Stuyvesant, 132 Misc. 270, 273.)
Two of the three residuary legatees have withdrawn their objections to the construction requested by the said life tenants, stating in open court that they believe that the construction requested is a natural one, and that they do not wish to urge their objections further. The Baptist Home of Monroe County, Fairport, New York, alone now objects and has filed a memorandum of law in opposition to the requested construction.
The usual rules of construction of wills dictate an interpretation in this case which in effect adds the words “ and Frank L. Dutton ’ ’ after the name ‘ ‘ Luella Dutton ’ ’ in the fifth line of paragraph 8 of the will, thereby granting to the trustee power in its discretion during the lives of Luella and Frank L. Dutton and the survivor of them to provide financial assistance to Luella Dutton, Frank L. Dutton and Belle Dutton, his wife, and Harry B. Hall, if in the trustee’s judgment they require assistance beyond their other means and resources. We are to look at the general plan and scheme of the testator’s will. (Matter of Gary, 261 N. Y. 244.) The testator’s intention as *508 gathered from the whole will must govern. (Fell v, McGready, 236 App. Div. 390, 395, affd. 263 N. Y. 602; Matter of Title Guar. & Trust Co., 195 N. Y. 339, 344; Quade v. Berisch, 65 App. Div. 600, affd. 173 N. Y. 615; Thomson v. Hill, 87 Hun 111, 115, affd. 155 N. Y. 677; Matter of Barton, 64 Misc. 242.) Where there is an inconsistency in language the later clause shall be accepted. (Matter of Schermerhorn, 158 Misc. 768; Heaton on Surrogates’ Courts [5th ed.], § 420.) A presumption exists that the testator desires to take care of blood relatives before strangers. (March v. March, 186 N. Y. 99.) In this latter case the court said (p. 103): “In ascertaining such intention we are required to take into consideration the surrounding circumstances under which he framed the provisions of the will, the situation of his estate and of the members of his family whom he wished to be the recipients of his bounty. (Williams v. Jones, 166 N. Y. 522-532.) In considering these circumstances for the purpose of ascertaining the intention of the testator, there is a presumption which we must bear in mind, and that is that in the absence of unfriendly relations existing between testators and their descendants, there almost invariably exists a desire and an intention on the part of testators that their property should go to their descendants, rather than to strangers to their blood.”
The testator wanted his sister Luella to have the life use of his home and furnishings, including the maintenance thereof. (Pars. 2 and 8.) In paragraph 8 he expressed his further wish that in addition to the use of the home and furnishings, in the discretion of the trustee his sister Luella should also have financial assistance, and his brother and sister-in-law, Prank L. and Belle Dutton, and his nephew Harry B. Hall should likewise have such assistance. The testator did not intend to limit the possible assistance to Frank L. and Belle Dutton and Harry B. Hall by the life of Luella Dutton. In respect to them he intended by paragraph 8 to authorize the assistance. In paragraph 9 he limited such assistance to the two lives of Luella and Frank L. Dutton. It is apparent that the use of only the name “ Luella Dutton ” in the fourth and fifth lines of paragraph 8 of the will, arose from the fact that only she was mentioned in paragraph 2, in regard to the house. There is no doubt that the testator intended the use of the house to end with the death of Luella Dutton. But when the testator then proceeded with the subject of financial assistance apart from the house, he had no intention of limiting such provision upon the life of Luella. Frank L. Dutton, as the testator’s brother, and Harry B. Hall, as the testator’s nephew, were natural objects of the testator’s bounty, since the testator was a bachelor. In paragraph 3 of his *509 will, the testator made special bequests for their benefit, showing that he was deeply interested in and concerned for their welfare. He made the same annuity provision for Frank L. and Belle Dutton that he made for Luella Dutton. The entire scheme of the will shows an intention on the part of the testator that Frank L. and Belle Dutton and Harry B. Hall should have the benefit of the provisions for them in paragraph 8 of the will until the death of both Luella and Frank L. Dutton; and the will is so construed.
Settle decree accordingly on two days ’ notice.