In the Matter of the Estate of LAMBERT SUYDAM, Deceased.*

Surrogate's Court, New York County, February 15, 1925.

*William R. Adams*, for the executors.

*Edward P. Glynn*, special guardian.

FOLEY, S. On this accounting the executors of the deceased trustee request a construction of the will of the decedent. The sole question raised is as to the final distribution of a trust fund created by the will. The application for the construction at this time is denied as premature. (*Matter of Hance*, 180 N. Y. Supp. 269; affd., 192 App. Div. 904; *Matter of Mount*, 185 N. Y. 162; *Matter of Franklin Trust Co.*, 190 App. Div. 575.) The trust has not terminated. The two life tenants are still alive. Under the provisions of the will various contingencies and gifts over are created. The remainders are directed to be paid to the issue of the life tenants, if any. It appears that the life tenants are unmarried and have no present issue, but it would be futile to adjudicate at this time the impossibility of issue. Further con-

* See, also, 138 Misc. 873.

tingencies are provided, in default of issue of the life tenants, for gifts over to certain nieces and a nephew of decedent with substitutional gifts to their issue in case of death. The identity of such issue and the ascertainment of the class of persons who would take under the will can only be known at the death of the last surviving life tenant. Moreover, there is a possibility of complete intestacy by reason of the death of the nieces and nephew and the absence of any issue at the time of final distribution. A serious question is also involved as to whether the issue, if any, would take *per stirpes* or *per capita*, there being no express direction in the will to that effect. The determination, therefore, should await the period fixed in the will for final distribution in order that the persons ultimately interested in the final accounting proceeding may be represented and their rights protected. For the reasons given by me, and in view of the fact, therefore, that no present reason exists for the construction no conclusive adjudication should now be made. Submit decree settling the account on notice.