Anthony P. Savarese, S.
Grace Lyde Gordon made her will on October 23, 1918, and died on April 27, 1919. By the seventh article thereof she placed her residuary estate in trust. She directed that one third of the income therefrom “ be paid to the said Sarah Louisa Gill (a niece) for and during the term of her natural life, and upon her death, if the said Sarah Louisa Gill shall die leaving issue, then the principal of said one-third of my residuary estate shall be given to her children, share and share alike. If she should die without issue, then the principal to be divided equally between Charlotte McCleary and Louise Lyde, their heirs and assigns forever.” The latter two persons survived the testatrix but died on March 29, 1944, and January 10, 1937, respectively. The life tenant is still alive. Incidental to the judicial settlement of their account *422 the trustees of the foregoing trust request the court to construe the will to determine whether, in the event the life beneficiary is not survived by issue, the remainder will be payable to the estates of Charlotte McCleary and Louise Lyde or to the estates of the next of kin and heirs at law of the testatrix as in intestacy. Sarah Louisa Grill is now upwards of 80 years of age and has no issue. Thus, while the question is technically academic at this timé because of the legal possibility of the birth of issue to her, that possibility is highly remote. All interested parties are now before the court and it will save expense in future proceedings, or avoid the necessity therefor, if the identity of the remaindermen is now established. Such procedure is permissible and the court in its discretion elects to construe the will now. (See Matter of Deaken, 99 N. Y. S. 2d 365; Matter of Doerschuck, 8 Misc 2d 422.)
The court holds that upon the death of the life beneficiary without issue the remainder will be payable to the legal representatives of the estates of Charlotte Lyde McCleary and Louise Lyde. Upon their survival of the testatrix their gift vested in interest subject to be divested only if the life tenant left issue her surviving. On the latter’s death without issue the remainders will vest in possession and enjoyment as well. There is no requirement that the named takers in default of issue survive the life tenant or to the time of distribution in order to share. Imposing a requirement of survival in this case would produce partial intestacy which is to be avoided if possible. Furthermore, the authorities in this State are well settled that a gift to A for life remainder to A’s issue, but if A leaves no issue then to B and C, gives B and C a vested remainder subject to be divested if A is survived by issue, and imposes no requirement that B and C actually survive to the time of distribution. (Matter of Watson, 262 N. Y. 284; Matter of Banker, 223 App. Div. 496, affd. 248 N. Y. 596; Matter of Elting, 268 App. Div. 74, affd. 294 N. Y. 941; Matter of Chisolm, 108 N. Y. S. 2d 490, affd. 280 App. Div. 872; Matter of Lamb, 108 N. Y. S. 2d 362; Matter of Borrowe, 115 N. Y. S. 2d 258.) Account settled. Submit decree on notice.