In the Matter of the Construction of the Will of JULIUS C. LEDERER, Deceased. MAURICE B. LEDERER, as General Guardian of JAMES B. LEDERER and another, et al., Appellants; PHILIP A. DONAHUE, as Clerk of the Surrogate's Court of New York County, Respondent.

First Department, December 10, 1957.

*Nahum A. Bernstein* (*Allen B. Haskel* with him on the brief; *Silver & Bernstein,* attorneys), for Maurice B. Lederer, appellant.

*Meyer Kreeger,* special guardian for Steven Eric Preiss and another, infants, appellant.

VALENTE, J. The Surrogate has denied an application for a construction of a will as being premature. The will sets up a trust of decedent's stock in a certain corporation, the income to be paid to decedent's widow — his second wife — for her life. Upon the death of the widow, the principal is to be distributed in equal shares " among those of my grandchildren living at the time of her death ".

Decedent left him surviving his widow and a son by decedent's first marriage. That son has two children, the natural grandchildren of decedent. On the other hand, the widow has a son by a former marriage and that son, in turn, has two children.

The question of construction propounded was whether the decedent in using the word " grandchildren " intended to refer to his natural grandchildren or the children of his stepson. In the petition for the construction, the stepson alleged that he had lived with decedent until marriage, and that decedent had always referred to him as his (decedent's) son and to petitioner's children as his (decedent's) grandchildren. Moreover, it was alleged that decedent never knew of the whereabouts of his legal son, and had no knowledge of the existence of natural grandchildren.

Following the commencement of the proceeding for a construction, the special guardian for the natural grandchildren, after a thorough investigation into the circumstances of the case, recommended a settlement of the controversy, which was agreed to by petitioner as general guardian for his children. Under the proposed compromise, the parties agreed that the will be construed so that all the children of the stepson surviving at the death of the life tenant would share in one half of the trust corpus, while all the children of decedent's natural son

living at the death of the life beneficiary would share in the other one half.

Without passing upon the fairness or reasonableness of the proposed settlement, the learned Surrogate denied the entire application as premature, holding that the determination of the construction should await the period fixed in the will for final distribution, i.e., upon the death of the life beneficiary.

The Surrogate unquestionably had the power to determine the question of construction presented. (*Tonnele* v. *Wetmore,* 195 N. Y. 436; *Matter of Mount,* 185 N. Y. 162; *Matter of Dutton,* 8 Misc 2d 504; Surrogate's Ct. Act, § 40, subd. 8; § 145.) However, a general rule has developed to refuse to exercise the discretion to construe a will unless there is a present need therefor. (*Matter of Stout,* 1 A D 2d 901; *Matter of Hance,* 180 N. Y. S. 269; *Matter of Suydam,* 139 Misc. 845; 3 Jessup-Redfield on Surrogates' Law & Prac. p. 827; 4 Warren's Heaton on Surrogates' Courts, § 406, par. 4.) Ordinarily, until the death of the life beneficiary of a trust, there is no necessity for a determination as to the distribution of the corpus to remaindermen. But where an adequate reason is given indicating some present need for a construction, and the ascertainment of the class of persons who would take under the will does not have to await the death of the life beneficiary, the Surrogate should favorably consider a request for a construction. (See *Matter of Gordon,* 8 Misc 2d 421; *Matter of Doerschuck,* 8 Misc 2d 422.)

In the instant case both of the classes of grandchildren who might be ultimately interested in the remainder are represented and their rights protected. Moreover, the facts clearly spell out the necessity for a ruling at this time. In view of petitioner's substantial contention that the use of the word " grandchildren " in the will referred to the children of the stepson, a hearing might be necessary to arrive at the intent of the testator. Witnesses, such as the widow, who could testify as to pertinent facts would not be available if a determination of the question of construction were postponed until the trust terminated. Under all of the circumstances, the Surrogate should have construed the will and should not have relegated petitioner to an application at the time final distribution was to be made.

Since the Surrogate did not consider the merits of the proposed compromise, we express no opinion thereon.

The decree should be reversed and the matter remitted to the Surrogate's Court for such action in this construction proceeding as may be deemed appropriate and consistent with this opinion.

PECK, P. J., BREITEL, BOTEIN and FRANK, JJ., concur.

Decree unanimously reversed and the matter remitted to the Surrogate's Court for such action in this construction proceeding as may be deemed appropriate and consistent with the opinion of Mr. Justice VALENTE.

Settle order.