Harry G. Herman S.
In this accounting proceeding the court is required to determine whether it will entertain at this time a proceeding to construe the will in order to determine whether a child adopted by a son of testator some three years prior to the date of the will, and the descendants of such adopted child, are “ lineal descendants ” of the testator within the intendment of the will. The construction was requested by one of the respondents by a cross petition, and an answer has been inter *8 posed to the cross petition alleging facts designed to establish that a construction at this time is premature and is presently academic.
Although the Surrogate has power to determine the question of construction presented (Tonnele v. Wetmore, 195 N. Y. 436; Matter of Mount, 185 N. Y. 162; Surrogate’s Ct. Act, § 40, subd. 8; § 145), as a general rule the court will refuse to exercise such discretion in favor of construing the will unless there is a present need therefor (Matter of Stout, 1 A D 2d 901).
Ordinarily, the court will not render a determination as to the distribution of trust principal until the termination of the trust unless there is adequate reason indicating a present need for a construction in which case a determination as to the class entitled to share as remaindermen need not await the expiration of the trust term (Matter of Lederer, 4 A D 2d 623; Matter of Gordon, 8 Misc 2d 421; Matter of Doerschuck, 8 Misc 2d 422).
Here, as was the case in Matter of Lederer (supra) the classes of persons who might be entitled to share as remaindermen are adequately represented, and so far as appears, a hearing will be necessary in order to ascertain the intent of the testator. Certain witnesses, among them the draftsman of the will, who could now testify might not be available, because of their age, if a determination of the question of construction were postponed until the termination of the trust. Moreover, certain documentary evidence obtained pursuant to an order for discovery and inspection might, if competent, materially assist the court in ascertaining whether the child adopted by a son of testator and the descendants of said child are or are not “ lineal descendants ” of the testator within the meaning of the will.
In the opinion of the court it would be an abuse of discretion to refuse to construe the will especially at this stage of the proceeding. This is true even though there would be no need for a construction if the son of testator who. adopted the child survived the two other children of testator whose lives measure the trust term. This proceeding has reached the point where all parties have been cited and are represented, including special guardians for the respective remaindermen, and most, if not all, of the preparation for the hearing on the issue has been made. Under these circumstances the court determines that the will should be construed at this time and the rights of the parties who now seek a construction should not be postponed until the termination of the trust.