■ In the Matter of the Estate of JULIA KLEIN, Deceased. HENRY EMMER et al., Respondents; PHILIP SKALKA et al., Appellants.—In a proceeding pursuant to SCPA 1809 to determine the validity of claims against an estate, claimants separately appeal from a decree of the Surrogate's Court, Kings County (Bloom, S.), dated May 31, 1984, which, after a hearing before a Referee, dismissed the claims and ordered that distribution of the decedent's estate be made pursuant to the terms of her will.

Decree affirmed, with one bill of costs payable by appellants appearing separately and filing separate briefs to respondents appearing separately and filing separate briefs.

The claimants allege that the decedent and her late husband executed mutual wills and at the same time executed an agreement that these wills would be irrevocable. It is undis-

puted that the decedent inherited all of her husband's estate under his will. The decedent subsequently made a new will, and the alleged agreement cannot be located. The Surrogate found that there was no clear and convincing evidence of the existence of the agreement and all of its terms, and we agree.

An agreement to make a testamentary disposition must be proven in all essential particulars by the clear and convincing testimony of disinterested witnesses *(Wallace v Wallace,* 158 App Div 273, *affd* 216 NY 28). In this case, there was testimony from only one disinterested witness and, while her testimony tended to prove that such an agreement existed, she admitted that she did not know any of the terms of the agreement.

While one interested witness did testify as to the terms of the agreement, the reliability of his testimony is questionable since the court had no record of the agreement which the witness claimed to have found in the Surrogate's Court's files. Such evidence is not of the "indisputable" character required to attribute to a will the quality of irrevocability *(see, Edson v Parsons,* 155 NY 555, 568). Furthermore, the decedent's husband's will made a bequest to decedent "absolutely and forever". Such language is inconsistent with a divestiture of testamentary power *(Glass v Battista,* 43 NY2d 620). Mangano, J. P., Gibbons, Thompson and Kunzeman, JJ., concur.