*937 OPINION OF THE COURT
C. Raymond Radican, J.
In this construction proceeding for the will of Frances M. Nelson, the petitioner, husband of the testatrix, seeks a construction as to the effect of paragraph third of said will. The questions presented in this case are twofold. Whether there is a present necessity to construe the paragraph in question and if so, how it should be construed.
The relative facts are not in dispute. Frances M. Nelson died on September 16, 1983. Her will dated April 29, 1964 was admitted to probate in this court on the 11th day of November 1983, and letters testamentary were duly issued to Rosemary Mariscalco on the 21st day of November 1983.
Paragraph third of such will states: "Third: I give and devise to my husband, James A. Nelson, if he shall survive me, my dwelling house, together with the premises on which it is situated at the corner of Bayville Road and Fox Lane in Locust Valley, Nassau County, New York, to have and to hold the same to him, his heir and assigns forever upon condition that should my husband, James A. Nelson, sell and/or transfer title to the said dwelling house during his lifetime that the sum of one third of the appraised value thereof be paid by him at closing of title to my estate and become a part of my residuary estate, otherwise this devise herein provided to him should fail and shall fall into and become a part of my residuary estate. In the event that my said loved husband shall have predeceased me, or that we shall both die in a common disaster, or under circumstances which renders it difficult or doubtful to determine which died first, then the devise herein provided for him shall fail and my dwelling house, together with the premises on which it is situated shall fall into and become a part of my residuary estate.”
Petitioner, James A. Nelson, claims that the above-stated paragraph restricts his right of alienation illegally based on the contention that the devise of the dwelling house and attached land located on the corner of Bayville Road and Fox Lane in Locust Valley, New York, was of fee simple absolute and thus could not be restricted as to its alienability.
Respondent, Rosemary Mariscalco, argues vigorously that before any construction can occur, present necessity for such construction should be demonstrated (SCPA 1420).
The requirement of present necessity in a construction proceeding is well established (Matter of Mount, 185 NY 162; *938 Matter of Lord, 38 Misc 2d 7; Matter of Willis, 6 Misc 2d 218). In addition to this standard, courts will not entertain construction questions that are academic or abstract (In re Smith’s Will, 149 NYS2d 856; In re Spencer’s Estate, 145 NYS2d 397). „
Ms. Mariscalco refers the court to a number of cases where present necessity was lacking (Matter of Gooding, 124 Misc 400; Matter of Healy, 22 AD2d 868; In re Kahn’s Estate, 42 NYS2d 298). These cases were not construed for various reasons including: the petitioner was not considered an interested party (Matter of Gooding); the court was asked to decide a tax question (Matter of Healy); and the court was asked to speculate as to future contingencies (In re Kahn’s Estate).
However, the present necessity standard is fulfilled if adequate reason is given (Matter of McLaughlin, 62 Misc 2d 124; Matter of Bertram, 89 Misc 2d 55, 56). Mr. Nelson desires to know the proportion of the appraisal value that he would receive if the premises were sold. Respondent vehemently argues that petitioner stated that he did not intend to sell the premises at the present time, thus failing to demonstrate present necessity.
The facts in this case indicate an adequate reason that is not subject to future speculation or actions by third parties. Rather, petitioner wants to ascertain his ownership stakes in the premises should he in fact sell the parcel. His interest does not represent an abstract or academic question but one of relevance and import.
Respondent’s position on this issue is ill-fated. All petitioner needs to do to meet respondent’s criteria is to state that he desires to sell the premises. If the court adhered to respondent’s argument and denied construction presently, petitioner could return in the near future stating his intention to sell causing an unnecessary repetition of procedures. All of the interested parties now being before the court, it will save future time and expense if this issue is determined now (Matter of Gordon, 8 Misc 2d 421; Matter of Doerschuck, 8 Misc 2d 422; Matter of Liberman, 6 NY2d 525).
Since the petitioner has made a sufficient showing of present need for construction through adequate reason, the request for such construction is granted.
When construing a will, constructional preferences are often applied to guide the court in understanding the testator’s intention. These preferences are used when the testatrix’ *939 intention is not clear from a reading of the will (Matter of Tilly, 88 Misc 2d 904, 907).
Upon reading the paragraph in question, the intention of the testatrix is clear and thus controlling (Matter of Gaffer, 254 App Div 448). Mrs. Nelson unambiguously states that the premises devised to her husband are his upon condition that if he should sell and/or transfer the premises during his lifetime one third of the appraised value of the premises be paid into testatrix’ residuary estate.
Petitioner claims the devise is a fee simple absolute and thus cannot be restrained as to his power of alienation. There is no question that restraint of alienation on a fee simple absolute is as void against public policy (Hacker v Hacker, 153 App Div 270).
The proper classification of Mr. Nelson’s estate is a fee on condition (EPTL 6-1.1). The conditions included merely limit the estate conveyed (Resnick v Croton Park Colony, 3 Misc 2d 109). Petitioner fails to demonstrate how a fee on condition restricts a right of alienation. As long as the estate created by a fee on condition endures it carries with it all the privileges of a fee simple title, including the right to convey the estate (56 NY Jur 2d, Estates, Powers, and Restraints on Alienation, § 20). Should petitioner refrain from selling or transferring the premises during his lifetime, the fee on condition will lapse into fee simple absolute upon his death.
This court thus finds the intent of the testatrix was clear and construes paragraph third as a valid legal devise of a fee on condition. The court has not addressed any question as to the definition of "appraised value” employed in the conditional fee devise. Should either party request an interpretation of such language, the court will afford the parties an opportunity to submit papers on that question also.