■ In the Matter of FRANCES M. NELSON, Deceased. ROSE-MARY MARISCALO, Appellant; JAMES A. NELSON, Respondent.— In a proceeding for the construction of a will, the appeal is from the decree of the Surrogate's Court, Nassau County (Radigan, S.), dated June 26, 1988, which declared paragraph "THIRD" of the last will and testament of Frances M. Nelson to be a valid legal devise of a fee on condition.

Ordered that the decree is affirmed, with costs payable by the appellant personally.

The respondent James A. Nelson was the devisee under the decedent's will of a certain parcel of real property. The devise stated, it pertinent part, as follows: "THIRD: I give and devise to my husband, JAMES A. NELSON, if he shall survive me, my dwelling house, together with the premises on which it is situated * * * to have and to hold the same to him, his heirs and assigns forever upon condition that should my husband, JAMES A. NELSON, sell and/or transfer title to the said dwelling house and premises during his life time that the sum of one third the appraised value thereof be paid by him at the closing of title to my Estate and become a part of my residuary estate, otherwise this devise herein provided to him shall fail and fall into and become a part of my residuary estate".

The respondent sought a construction of this clause in the Surrogate's Court. In this proceeding, it was determined that the proper classification of the respondent's estate was a fee on condition *(see, Matter of Nelson,* 134 Misc 2d 936, 939). This was correct. The devise in question was expressly subject to the failure or nonperformance of a condition which would defeat the estate already vested; hence the devise in question was a fee on condition (EPTL 6-1.1; *see, Towle v Remsen,* 70 NY 303; Glasser, Practice Commentary, McKinney's Cons Laws of NY, Book 17B, EPTL 6-1.1, at 5).

The appellant, the decedent's sister and the beneficiary of her residuary estate, argued that there was no present necessity to construe the clause in question. This argument is without merit. The construction sought was necessary to assist the respondent in the planning of his own estate *(see, Matter of Bertram,* 89 Misc 2d 55, *affd* 63 AD2d 650; *Matter of McLaughlin,* 62 Misc 2d 124, *mod on other grounds* 36 AD2d 614, *mod* 30 NY2d 781, on Surrogate's opn by reinstating the decree of that court). Moreover, all the interested parties were represented in the instant proceeding. Under these circum-

stances, the respondent demonstrated an adequate reason for the Surrogate to exercise his discretion *(see, Matter of Lederer,* 4 AD2d 623; *Matter of Lord,* 38 Misc 2d 7).

We have considered the appellant's remaining contention and find it to be without merit. Thompson, J. P., Bracken, Kunzeman and Rubin, JJ., concur.