OPINION OF THE COURT
Arnold F. Ciaccio, S.
This is a construction proceeding initiated by the guardian ad litem for Colleen Ruggles, granddaughter of the decedent and a beneficiary under her will.
FACTS
Lila Nettnin, the testatrix, died April 1, 1979. Her will was *250 duly admitted to probate August 15, 1979 and named her granddaughter Laurie Flesch as the executrix. The will had been executed on May 25, 1978 approximately one year before decedent’s death. The decedent was survived by two grandchildren, Colleen Ruggles, then age six, and Laurie Flesch, an adult. Colleen and Laurie are related having had the same mother.
The concerns of the portions of the will sought to be construed involve the devise of real estate located at 26 State Street in the Town of Brockport, New York, which was the decedent’s household and also made up the principal asset in the estate. Its disposition in the will is set forth in article II, paragraph second which is the subject of this construction proceeding. That paragraph provided as follows:
"second; all of my estate, both real and personal, of every nature and wheresoever situate, of which I may die seized or possessed, or to which I may be entitled at the time of my death, I hereby give, devise, and bequeath to my granddaughter, laurie flesch, to have and to hold the same absolutely and forever.
"In the event that Laurie Flesch predeceases me, then I give, devise, and bequeath my entire estate to my granddaughter COLLEEN RUGGLES.
"If my granddaughter laurie flesch survives me, then I direct that if she sells the house located at 26 State Street, Brockport, New York, then one-half of the net proceeds from said sale go to laurie flesch and the other half to colleen ruggles. If at the time this occurs, colleen ruggles is under the age of eighteen years, then her share of sale proceeds shall be deposited into an interest-bearing bank account, and the entire principal and interest from same shall be delivered to her when she becomes eighteen years of age.”
In all probability no problem would have arisen had the older granddaughter Laurie Flesch resided in the house and ultimately sold it with proceeds being shared between herself and the other granddaughter Colleen Ruggles. The construction request arises by virtue of the fact that in May of 1986, approximately seven years after her grandmother’s death, Laurie executed a mortgage in the amount of $39,641.80 on the real property that she had inherited giving the mortgage to the ITT Mortgage Company. In June of 1987, this initial mortgage was consolidated with another mortgage with a consolidated liability on the property in the amount of *251 $44,088.05. Subsequently, Laurie and her husband Lawrence Flesch defaulted in payments on the consolidated mortgages as required by the note; ITT Mortgage Company as mortgagee filed a lis pendens and sought to foreclose the property. The court observes that it is quite unexplainable that the mortgagee, ITT, approved a mortgage on this realty giving no heed to at least a minimal cloud on the title presented by Colleen’s interest. The issue presented is what, if any, interest does the infant Colleen Ruggles retain in and to the property.
This court’s construction determination will decide whether the mortgage executed by Laurie Flesch to ITT takes priority over the interest, if any, held by Colleen Ruggles and in making that determination, the court must of necessity determine what respective interests in the real property had been devised to Laurie Flesch and Colleen Ruggles by their grandmother, the decedent, herein.
LAW
The intention that testatrix has expressed in the will is of course the primary concern in all construction proceedings. (Matter of Fabbri, 2 NY2d 236.) All rules of construction and of interpretation are subordinated to what the testatrix desired to accomplish by her will (supra, at 240). Courts are bound by the terms of an unambiguous will and the other canons of construction do not apply. (Matter of Bisconti, 306 NY 442; Matter of Gouraud, 85 AD2d 342.) Beyond that if an ambiguity does exist, then the entire will must be read in an effort to resolve the conflict. Judge Learned Hand cautioned against a slavish adherence to literal interpretation of words or phrases which could get in the way of seeing the entire will and the goals it is trying to achieve. (Cabell v Markham, 148 F2d 737, and Central Hanover Bank & Trust Co. v Commissioner of Internal Revenue, 159 F2d 167, cited in Spencer v Childs, 1 NY2d 103, 106, 107.) Different words used may have different meanings and it is the intention which the testatrix has attached to the words that the court must determine. (For a most recent discourse by the Court of Appeals on the subject of construction, see, Mercury Bay Boating Club v San Diego Yacht Club, 76 NY2d 256.)
In the present case decedent, Lila Nettnin, was survived by two grandchildren. One was adult and the other was an infant. It is clear from a sympathetic reading of the will that there is an unequivocal intention expressed to benefit her two *252 sole distributees and accordingly she devised her estate to her granddaughter Laurie Flesch and then in a subsequent paragraph gave the direction that, "[i]f my granddaughter laurie flesch survives me, then I direct that if she sells the house located at 26 State Street, Brockport, New York, then one-half of the net proceeds from said sale go to laurie flesch and the other half to colleen ruggles”.
In this court’s view such a devise is the grant of a fee on a condition. (EPTL 6-1.1 [a] [2].) While it is true that such a devise of a fee on a condition will mature into a fee simple upon the death of the primary fee holder (Matter of Nelson, 134 Misc 2d 936), to hold that the sale in this instance would not include a mortgage transaction would be contra to the expressed intention in the will of this decedent. It is this court’s view that any other interpretation that would exclude a mortgage from the definition of sale certainly in this instance, would have the effect of cutting off all rights of the infant Colleen Ruggles and thwart the obvious goal of the testatrix which was to benefit both of her granddaughters.
The court finds no real issue with respect to the meaning of the words "net proceeds”. The language in the will states unambiguously that net proceeds from the sale are to be split. Likewise the net proceeds from a mortgage are to be defined in the context of the net proceeds from a sale — that is what is left for distribution after expenses.
Accordingly, it is the court’s determination that the rights of and the interest of the minor Colleen Ruggles are superior to those of ITT as mortgagee of the real estate and ITT’s entitlement is limited to the one-half interest in the net proceeds which would have been receivable by Laurie Flesch.