■ In the Matter of the Estate of BERNARD S. DI SIENA, Deceased. ANGELA J. DI SIENA, Appellant; BERNARD J. DI SIENA et al., Respondents.—Mercure, J. Appeal from an order of the Surrogate's Court of Saratoga County (Simone, Jr., S.),

entered September 18, 1990, which denied petitioner's application for the construction of the joint will of petitioner and decedent.

On June 22, 1954, petitioner and her husband, Bernard S. Di Siena (hereinafter Di Siena), executed a document entitled "Last Will and Testament of Bernard S. Di Siena and Angela R. Di Siena Husband and Wife". The "second" paragraph of this joint will provided, in part: "We give, devise and bequeath unto the survivor of either of us, all the personal property and real estate that we may possess or own at the death of the first one of us to die, to have and to hold said personal property and real estate *absolutely and forever*" (emphasis supplied). The will then provided, upon the death of the survivor, for the creation of a trust for the benefit of their four children, funded by their real and personal property. Di Siena died on April 12, 1975 and, following probate of the joint will, all property was transferred to petitioner. Thereafter, petitioner revoked her will of June 22, 1954 and executed a new will which provided for the disposition of her property pursuant to her own testamentary scheme. Respondents, beneficiaries of the 1954 will, contend that the new will is ineffective because the earlier will was contractually binding upon petitioner. Pursuant to SCPA 1420 (1), petitioner sought construction of the "second" paragraph of the 1954 will and a determination that she was not contractually bound by the joint will. Surrogate's Court declined to entertain the petition and stated that "[t]he Court will not resort to a construction in order to determine the intent of the testators in a joint will where all is clear, definite and complete". Petitioner appeals.

We reverse. Initially, it is our view that a present need for construction has been demonstrated *(see, Matter of Nelson,* 154 AD2d 378; *Matter of Lederer,* 4 AD2d 623, 625; *cf., Matter of Swett,* 52 AD2d 330, 333-334), given petitioner's showing that the construction sought was necessary to assist her in the planning of her own estate *(see, Matter of Nelson, supra).* Accordingly, Surrogate's Court abused its discretion in refusing to entertain the petition.*

Turning to the merits, it is well settled that "two persons may validly agree to dispose of their estates in a particular manner, and that such an agreement may find expression in a joint or mutual will" *(Glass v Battista,* 43 NY2d 620, 623-624).

---

* Although Surrogate's Court did not issue process or take proof as required by SCPA 1420 (1), we shall address the merits of the petition in the interest of judicial economy because only a question of law is involved.

Moreover, it is similarly well settled that a party who has accepted the benefits granted him or her under such an instrument must adhere to its terms *(supra,* at 624). However, the mere existence of a joint will may not in and of itself establish an agreement binding the survivor to dispose of his or her estate in the manner specified in the instrument *(see, Matter of Bainer,* 71 AD2d 728, *lv denied* 48 NY2d 606). Indeed, "judicial policy has been one of great reluctance to restrict the ambulatory nature of a will" *(supra)* in the absence of clear and convincing evidence of such intent *(see, Matter of Zeh,* 24 AD2d 983, 984, *affd on mem below* 18 NY2d 900).

Considering the 1954 instrument in light of the foregoing principles, it is our view that there has been no clear and unambiguous demonstration of the testators' intention to bind themselves. Although the use of plural pronouns by a husband and wife who name their children as ultimate beneficiaries are factors supporting the finding of a binding agreement *(see, Glass v Battista, supra,* at 624-625; *Rubenstein v Mueller,* 19 NY2d 228, 232), where the language of the joint instrument creates an absolute grant to the survivor, no contract will be found *(see, Matter of Zeh, supra)* in the absence of qualifying language unmistakably demonstrating "a clear intention to make the will contractually binding" *(Matter of Wierzbieniec,* 93 AD2d 978; *see, Matter of Zeh, supra; see also, Matter of Klein,* 114 AD2d 848, 849, *lv denied* 67 NY2d 607). Here, as in *Matter of Zeh (supra),* the entire estate is left to the testators' survivor, to have and to hold the same "absolutely and forever" *(supra,* at 984), thereby evidencing an absolute gift. While, concededly, the language of the 1954 instrument is not identical to that considered in *Zeh,* respondents have not meaningfully distinguished the two. We are also unpersuaded by respondents' reliance upon *Tutunjian v Vetzigian* (299 NY 315), which predated and was, in our view, overruled *sub silentio* by *Matter of Zeh (supra)* on the issue of the effect of an absolute grant in favor of the survivor *(cf., Matter of Bainer, supra,* at 729). Finally, *Glass v Battista (supra)* is inapposite, for there the will contained no language which could be reasonably construed as making an absolute gift.

Mahoney, P. J., Casey, Levine and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, and it is decreed that petitioner is not bound by the provisions of the last will and testament executed by petitioner and Bernard S. Di Siena on June 22, 1954.