■ PALLETTE STONE CORPORATION Respondent, v ALBERT R. MANGINO et al., Appellants. [629 NYS2d 103] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Viscardi, J.), entered September 15, 1994 in Saratoga County, which granted plaintiff's motion for summary judgment.

Plaintiff sued defendants for $107,641.33 past due on defendant A.R.M. Construction Corporation's account with plaintiff for the purchase of asphalt, cement and stone products. Defendants' answer denied the allegations. Plaintiff then moved for summary judgment. In its answering affidavits, defendants challenged the accuracy of the balance due and contended, as well, that an oral agreement had been reached by the parties as to the balance due and the terms of repayment warranting a denial of the motion. After several months of delay due to the parties participating in settlement negotiations at Supreme Court's suggestion, the court entertained plaintiff's additional submissions, over defendants' protest, and then granted plaintiff summary judgment from which defendants now appeal.

There should be an affirmance. We find no merit in defendants' contention that the oral agreement allegedly settling the parties' dispute raised an unresolved material issue of fact as to whether A.R.M. Construction Corporation was in arrears. Defendants have not pleaded as an affirmative defense that the agreement impacted the debt either as an accord or as a superseding substitute agreement, although, in their arguments, they seem to imply the latter (*see*, CPLR 3018 [b]). The record discloses that plaintiff never acquiesced in writing to the settlement because defendants failed to provide the security requested by plaintiff, and that plaintiff has continually asserted that the alleged oral agreement, which was never signed, is unenforceable based on the Statute of Frauds. We agree with plaintiff's contention. The agreement, even if we were to assume that it was definite and intended to be binding, is unenforceable due to plaintiff's assertion of the Statute of

Frauds defense (*see*, General Obligations Law § 5-701 [a] [1]; § 15-501).

Defendants' contention that its continuing performance under the settlement agreement defeats the defense of the Statute of Frauds is also unavailing. The alleged partial performance, i.e., partial payments on account, was not " 'unequivocally referable' " to the oral agreement and was, accordingly, insufficient to defeat the Statute of Frauds (*see, American Bartenders School v 105 Madison Co.*, 59 NY2d 716, 718).

We find defendants' challenge to Supreme Court's consideration of plaintiff's late submissions to be without merit. No prejudice ensued to defendants and the court was well within its discretion in accepting the papers (*see, Whiteford v Smith*, 168 AD2d 885). The delay was attributable to the negotiations in which the parties engaged in an attempt to settle the suit. When these ended unsuccessfully, the court, in the interest of judicial economy, concluded that a full consideration of the papers belatedly submitted by plaintiff was warranted and then provided defendants with 20 days to answer the late submissions. Under the circumstances, we cannot say that Supreme Court abused its discretion.

Crew III, White, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.