■ A-1 COMMUNICATIONS, INC., Respondent, v WTZA-TV ASSOCIATES, LTD., et al., Appellants. [666 NYS2d 810] —Carpinello, J. Appeal from an order of the Supreme Court (Connor, J.), entered September 27, 1996 in Ulster County, which, granted plaintiff's motion for a preliminary injunction.

At issue is the propriety of Supreme Court's grant of a preliminary injunction in plaintiff's favor. The essential facts are undisputed. Plaintiff acknowledges that in 1989 it entered into an oral barter agreement with the then-owner of a Kingston television station whereby plaintiff was permitted to install its radio antennae on a tower owned by the station in exchange for which the station's news cars enjoyed free use of plaintiff's two-way radio communications. Notwithstanding the fact that plaintiff purportedly made a "great financial investment" in this equipment and the fact that its Federal Communications Commission license is contingent upon the maintenance of its antennae at a particular geographical location, plaintiff never memorialized this arrangement in writing.

In 1993, the then-owner agreed to sell the station assets and certain listed liabilities to WTZA-TV Associates Limited Partnership, now known as WRNN-TV Associates Limited Partnership and sued herein as defendant SGI, Inc. (hereinaf-

ter defendant).* After unsuccessfully attempting to arrive at a mutually acceptable arrangement with defendant, plaintiff commenced this action and sought injunctive relief preventing defendant from interfering with the maintenance of the antennae on the tower pending resolution of the litigation. Finding that *defendant* failed to show how it would be irreparably harmed by preserving the status quo and further finding sufficient inherent value in plaintiff's equipment to protect defendant, Supreme Court granted the application for an injunction without requiring a bond.

Plaintiff's barter arrangement with the former owner of the television station, being one of indefinite duration and not terminable at will, is void by virtue of the Statute of Frauds (*see,* General Obligations Law § 5-701 [a] [1]; *Zimmer-Masiello, Inc. v Zimmer, Inc.*, 159 AD2d 363, 367-368, *lv dismissed* 76 NY2d 772; *see also, D & N Boening v Kirsch Beverages*, 63 NY2d 449). Furthermore, there was no performance on defendant's part which was " ' "unequivocally referable" ' " to the oral agreement indicating ratification (*Pallette Stone Corp. v Mangino*, 217 AD2d 738, 739). Since there was no possibility of plaintiff establishing a likelihood of ultimate success on the merits (*see, Pellegrini v Rockland Community Action Council*, 190 AD2d 881), Supreme Court's grant of a preliminary injunction was in error. In light of this, we need not address defendant's remaining arguments that the court impermissibly shifted the burden from plaintiff to defendant to establish irreparable injury (*see,* 13 Weinstein-Korn-Miller, NY Civ Prac ¶ 6301.20a) or that an undertaking is a mandatory prerequisite to obtaining a preliminary injunction (*see,* CPLR 6312 [b]; 13 Weinstein-Korn-Miller, NY Civ Prac ¶ 6312.08).

Mikoll, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.

---

* Defendant obviously contends that it has been misnamed in the pleadings in this action.