■ Mario J. Di Siena, Respondent, v Angela R. Di Siena et al., Appellants. [698 NYS2d 93] —Spain, J. Appeal from an amended order of the Supreme Court (Williams, J.), entered February 18, 1999 in Saratoga County, which denied defendants' motion to dismiss the complaint for, *inter alia*, failure to state a cause of action.

In 1974, plaintiff's mother, defendant Angela R. Di Siena (hereinafter the mother), and father incorporated their retail furniture and appliance store, defendant Di Siena Furniture and Appliance Company, Inc. (hereinafter the furniture store), first established in 1949. At the time of the incorporation, plaintiff's parents gave plaintiff and each of his siblings, defendants Carol Ann Di Siena (hereinafter the sister), Bernard Di Siena and Salvatore Di Siena (hereinafter collectively referred to as the brothers), 5% of the shares of stock in the furniture store.

After the father died in 1975, the mother took over control of the business. In 1978, while plaintiff was in the process of obtaining a divorce, he signed a sale agreement transferring his shares of stock in the furniture store to his mother for $100. Plaintiff claims that his mother wanted to protect the business from his wife, and that he had no intention of selling his shares and only signed the document and accepted the $100 because his mother threatened to terminate his job. Plaintiff also contends that his mother promised that the sale agreement would be destroyed and that she would transfer the shares back to him when the divorce was finalized. The mother claims, however, that the transfer came about at plaintiff's insistence because he wanted to start his own furniture repair company and that plaintiff was given a $17,000 truck as additional consideration for the stock sale. Plaintiff's divorce was finalized in 1978.

In 1996, the furniture store actually issued the shares to the mother which plaintiff had transferred to her in the 1978 agreement. Then, in 1997, the mother, along with the sister and the sister's husband, defendant Michael Zappone, transferred all of

the assets from the furniture store to defendant Di Siena Limited Liability Partnership (hereinafter the limited partnership). Plaintiff contends that the mother relied upon the 1978 sale agreement, which he believed had been destroyed, to transfer his interest in the furniture store to her so she could transfer the assets from the furniture store to the limited partnership.

Thereafter, plaintiff commenced this action against defendants seeking to recover, *inter alia*, compensatory damages equal to the value of his interest in the furniture store, alleging conversion and breach of contract. Defendants moved to dismiss the complaint on the grounds that (1) a defense is founded upon documentary evidence with respect to the first two causes of action, (2) the Statute of Frauds, the Statute of Limitations and collateral estoppel bar the third cause of action, and (3) the complaint fails to state a cause of action against certain defendants. Without explaining its reasoning, Supreme Court denied the motion and ordered defendants to answer the complaint. Defendants now appeal.

We reverse. We find merit in defendants' contention that because plaintiff sold his shares of stock in the family business to his mother in 1978, he does not state a cause of action for conversion. In order to state a cause of action for conversion, "a plaintiff must establish legal ownership of a specific identifiable piece of property and the defendant's exercise of dominion over or interference with the property in defiance of the plaintiff's rights" (*Ahles v Aztec Enters.*, 120 AD2d 903, *lv denied* 68 NY2d 611). Here, plaintiff relinquished his ownership rights to his shares prior to the time of the alleged conversion and, therefore, he cannot maintain a conversion action (*see, Modjeska v Greer*, 233 AD2d 589, 590). Even if the transfer of ownership from plaintiff to his mother did not occur until 1996, when the subject shares were issued by the furniture store to the mother, this still predated the time he claimed that the conversion occurred, i.e., 1997 (*see, id.*).

Regarding plaintiff's claim that his mother breached her contemporaneous unwritten promise that she would destroy the sale agreement after plaintiff's divorce and reconvey the shares of stock transferred to her, evidence of such an oral promise is barred by the parole evidence rule (*see, Williams Real Estate Co. v Ann Taylor, Inc.*, 251 AD2d 230, 231-232, *lv denied* 93 NY2d 805; *Counties of Warren & Washington Indus. Dev. Agency v Boychuck*, 109 AD2d 1024, 1025, *lv denied* 65 NY2d 603). Even if the alleged oral promise was admissible, plaintiff's claim would still be barred by the Statute of Limita-

tions. Since plaintiff's divorce was finalized in 1978, more than six years prior to the commencement of this action, the six-year Statute of Limitations (*see*, CPLR 213 [2]) would bar plaintiff's breach of contract claim concerning the mother's alleged promise to reconvey the shares after the divorce. Likewise, although plaintiff claims that he was forced to enter into the written agreement under threat of job termination, such a threat does not constitute economic duress as the furniture store had no legal obligation to employ plaintiff, an at-will employee (*see*, *Friends Lbr. v Cornell Dev. Corp.*, 243 AD2d 886, 888). In light of the foregoing, plaintiff does not have a cause of action for conversion and, therefore, the first two causes of action in the complaint should have been dismissed.

We also find merit in defendants' assertion that plaintiff's third cause of action, based upon an alleged breach of a contract, is barred by, *inter alia*, the Statute of Frauds. The complaint alleges that plaintiff entered into an *oral* contract with his mother and father wherein plaintiff was to receive an equal share of the family business upon the death of the father so long as he did not attend college and, instead, worked in the family business. According to EPTL 13-2.1 (a), "[e]very agreement, promise or undertaking [to make a testamentary provision of any kind] is unenforceable unless it or some note or memorandum thereof is in writing and subscribed by the party to be charged therewith, or by his [or her] lawful agent". Insofar as the alleged contract was not in writing, plaintiff's breach of contract cause of action is barred by the Statute of Frauds (*see*, *Dombrowski v Somers*, 41 NY2d 858, 859; *see also*, *Peters v Morse*, 96 AD2d 662).

Plaintiff's contention that his parents' will is a sufficient written document to support the existence of said oral agreement, thereby satisfying the Statute of Frauds, is without merit. Indeed, the provision in their will, that each child will share equally in the estate, does not unequivocally refer to a promise to leave plaintiff an equal share in the family business (*see*, *Matter of Drogin*, 144 Misc 2d 747, 749). It is noteworthy that the will in question was executed some 20 years before plaintiff's alleged oral promise was made to forego college. Moreover, this Court has previously held that these parents did not intend to create a joint will and, therefore, the mother is not bound by the terms of the will (*see*, *Matter of Di Siena*, 178 AD2d 720). Likewise, despite plaintiff's claim that he partially performed on the alleged contract, there was no performance on his part that was unequivocally referable to the

existence of an oral contract (*see, A-1 Communications v WTZA-TV Assocs.*, 245 AD2d 940, 941; *Williams v Lynch*, 245 AD2d 715, *appeal dismissed* 91 NY2d 957; *Rosenheck v Calcam Assocs.*, 233 AD2d 553, 554). Accordingly, plaintiff's breach of contract cause of action, his third cause of action, should also have been dismissed.

Mikoll, J. P., Yesawich Jr., Peters and Mugglin, JJ., concur. Ordered that the amended order is reversed, on the law, with costs, motion granted and complaint dismissed.