■ CITICORP LEASING, INC., Respondent, v U.S. AUTO LEASING, INC., et al., Defendants, and BAHIG F. BISHAY, Appellant. [870 NYS2d 337]—

Order and judgment (one paper), Supreme Court, New York County (Herman Cahn, J.), entered September 10, 2007, which granted plaintiff creditor's motion to confirm the Special Referee's report computing damages and assessing attorneys' fees against defendant-appellant guarantor, and awarded plaintiff $3,090,965.36, inclusive of interest, costs and disbursements, unanimously affirmed, without costs.

The Special Referee's findings on the issues of the amount of defendant car leasing company's outstanding indebtedness to plaintiff, and the amount defendants realized from dealings involving plaintiff's collateral that was not deposited into an escrow account as required by a preliminary injunction, have ample support in the record (see Merchants Bank of N.Y. v Dajoy Diamonds, 5 AD3d 167 [2004]). Indeed, they are based on evidence that was largely uncontested. Appellant's evidence of an alleged oral agreement to settle the underlying indebtedness was properly excluded as barred by the parol evidence rule (see Peacock Holdings v Keefe & Keefe, 232 AD2d 331 [1996]; Tilden of N.J. v Regency Leasing Sys., 230 AD2d 784 [1996]), and also because it was not pleaded as an affirmative defense (CPLR 3018 [b]; see Pallette Stone Corp. v Mangino, 217 AD2d 738 [1995]). Concerning the award of attorneys' fees (see Namer v 152-54-56 W. 15th St. Realty Corp., 108 AD2d 705 [1985]), there is no support in the record for appellant's claim that plaintiff and its attorneys engaged in a fraudulent "two-tiered billing system" involving a claim by plaintiff for attorneys' fees for more than it actually paid. Counsel never represented that plaintiff had paid the entire amount that had been billed, provided invoices at the hearing reflecting that plaintiff had not yet paid the entire amount that had been billed, and promptly disclosed to the court the credit, or discount, that was given plaintiff some six weeks after the attorney's testimony at the hearing. We have considered appellant's other arguments, and his counterclaims, and find them without merit. Concur—Andrias, J.P., Nardelli, Moskowitz, Renwick and Freedman, JJ. [See 2007 NY Slip Op 32553(U).]