■ In the Matter of the Estate of ANGELA J. DISIENA, Deceased. CAROL A. ZAPPONE, as Preliminary Executor of ANGELA J. DISIENA, Deceased, Appellant; MARIO J. DISIENA, Respondent, and SALVADORE DISIENA, Appellant, et al., Respondent. [963 NYS2d 411]—

Mercure, J.P. Appeal from an order of the Surrogate's Court of Saratoga County (Kupferman, S.), entered May 7, 2012, which, among other things, granted respondent Mario J. DiSiena's motion for partial summary judgment denying probate of decedent's will and codicil.

In 1992, 1996 and 2000, decedent executed wills that expressly disinherited one of her four children, respondent Mario J. DiSiena (hereinafter respondent), and left the residuary of her estate to her other children, petitioner and respondents Salvadore B. DiSiena and Bernard J. DiSiena.* In 2000, decedent also executed a revocable trust similarly benefitting her three children other than respondent. Although decedent initially directed her attorney to store the will executed in 2000, it was released to

* Respondent and Bernard DiSiena also unsuccessfully challenged decedent's intended testamentary distribution prior to execution of the 1992 will on the ground that she was bound by a 1954 joint will executed with her deceased husband (*Matter of DiSiena*, 178 AD2d 720 [1991]), and respondent thereafter sued decedent and his siblings, alleging conversion of shares of stock that he previously held in the family's business (*DiSiena v DiSiena*, 266 AD2d 673 [1999]).

her upon her request in 2004. Subsequently, in 2007, decedent executed a codicil to her will, naming petitioner sole executor, and otherwise ratifying and confirming all the provisions of the 2000 will; she similarly amended the revocable trust at that time. Decedent then requested that her attorney store the codicil for her.

In 2010, decedent passed away and, despite a diligent search, the original will was not found. Petitioner, as executor of decedent's estate, commenced this proceeding seeking to probate a copy of decedent's will and the original codicil, both of which were located at the office of decedent's attorney. Surrogate's Court issued preliminary letters testamentary, and respondent filed an objection on the ground that decedent was presumed to have revoked her will because the original could not be found. Respondent subsequently moved for partial summary judgment denying probate of the copy of the will and the 2007 codicil, and for distribution of decedent's estate through the laws of intestacy; petitioner and Salvadore DiSiena (hereinafter the will proponents) cross-moved for summary judgment, requesting that Surrogate's Court admit the copy of decedent's will and the original codicil to probate. Surrogate's Court granted respondent's motion for partial summary judgment and denied probate of the will and codicil, prompting this appeal. Inasmuch as we agree with the will proponents that Surrogate's Court erred in determining, as a matter of law, that decedent revoked her will, we now modify by denying respondent's motion for partial summary judgment.

A copy of a lost or destroyed will may be submitted for probate only if it is established that (1) "the will has not been revoked," (2) the will was properly executed, and (3) "[a]ll of the provisions of the will [can be] clearly and distinctly proved by each of at least two credible witnesses or by a copy or draft of the will proved to be true and complete" (SCPA 1407; see *Matter of Castiglione*, 40 AD3d 1227, 1229 [2007], *lv denied* 9 NY3d 806 [2007]). With respect to the first requirement—which is the only requirement that is in dispute on this appeal—the longstanding rule is that " '[w]hen a will previously executed cannot be found after the death of the testator, there is a strong presumption that it was revoked by destruction by the testator' " (*Matter of Fox*, 9 NY2d 400, 407 [1961], quoting *Collyer v Collyer*, 110 NY 481, 486 [1888]; see *Matter of Staiger*, 243 NY 468, 472 [1926]; *Matter of Castiglione*, 40 AD3d at 1229). The burden of proof is on the will proponent to show, by facts and circumstances, that the testator did not destroy the will with the intent to revoke it; mere speculation or suspicion is insuf-

ficient (*see Matter of Fox*, 9 NY2d at 407-408; *Matter of Staiger*, 243 NY at 472; *Matter of Philbrook*, 185 AD2d 550, 552 [1992]). Moreover, "such proof [may] not include the declarations of the decedent designed to establish the continued existence of the will, unless they were made 'in connection with some act under such circumstances as to become a part of the *res gestae*' " (*Matter of Bonner*, 17 NY2d 9, 11 [1966], quoting *Matter of Kennedy*, 167 NY 163, 172 [1901]; *see Matter of Fox*, 9 NY2d at 407; *Matter of Staiger*, 243 NY at 472; *Matter of Flynn*, 174 Misc 565, 568 [1940]).

Here, the will proponents do not dispute that respondent made a prima facie showing that the will was last in decedent's possession and could not be found after her death, thereby giving rise to the presumption of revocation (*see Matter of Winters*, 84 AD3d 1388, 1389 [2011]; *Matter of Demetriou*, 48 AD3d 463, 464 [2008]). Rather, they argue that there was sufficient evidence in the record to create a question of fact with respect to whether they could overcome the presumption. In that regard, the will proponents presented evidence that decedent took numerous actions in connection with her long-term estate plan, including the execution of three wills disinheriting respondent, a related codicil confirming his disinheritance in 2007, and a revocable trust benefitting her three children other than respondent. Decedent also twice appealed to this Court after respondent prevailed against her in Surrogate's Court and Supreme Court, seeking to preserve her right to dispose of her property pursuant to her own testamentary scheme (*Matter of DiSiena*, 178 AD2d 720 [1991]), and to prevent respondent from regaining an interest in the family business (*DiSiena v DiSiena*, 266 AD2d 673 [1999]), which was the primary subject of her estate planning.

While, as respondent asserts, execution of the codicil establishes only that decedent had not revoked the will as of 2007 (*see generally Matter of Campbell*, 170 NY 84, 86 [1902]), her action in having her attorney, Louis Pierro, store the codicil, along with a copy of the will, for her until her death is inconsistent with revocation (*see Matter of Stein*, 2006 NY Misc LEXIS 5239, *1-2 [Sur Ct, NY County, Oct. 10, 2006]; *Matter of Herbert*, 89 Misc 2d 340, 342 [1977]). Moreover, decedent met with Pierro in her hospital room on September 27, 2010—shortly before her death—to discuss further estate planning. Consistent with her long-term estate plan and to reduce her New York estate tax burden, she instructed Pierro to create an irrevocable trust gifting her remaining interest in the family business to the identical beneficiaries named in her prior wills and revocable trust.

Decedent also signed a power of attorney appointing her three children other than respondent as her agents. An unsigned copy of the irrevocable trust documents, which expressly state that respondent is not a beneficiary, is included in the record, but Pierro indicated that decedent died before he was able to meet with her to sign the trust documents.

Contrary to respondent's assertion that decedent's declarations in attempting to set up the irrevocable trust would not be admissible because they were not made in connection with an act necessary to the preserving of the 2000 will, the res gestae here is decedent's continued attempt to dispose of her property pursuant to her own consistent, long-term, testamentary scheme (*see Matter of Miraglia*, 2008 NY Misc LEXIS 5115, *3-5 [Sur Ct, Kings County, Aug. 1, 2008]; *see generally Provenzo v Sam*, 23 NY2d 256, 261-262 [1968]). That is, the relevant action here was decedent instructing Pierro to prepare the irrevocable trust documents and signing the power of attorney, in accordance with her plan to prevent respondent from sharing in her estate and to dispose of her property as set forth in the 2000 will, in a manner that would reduce her estate tax burden (*see Matter of Flynn*, 174 Misc at 568-569). Under these circumstances, we conclude that questions of fact exist regarding whether the testator revoked her will and, thus, respondent's motion for partial summary judgment should have been denied (*see Matter of Stein*, 2006 NY Misc LEXIS 5239, *2).

Rose, Lahtinen and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted respondent Mario J. DiSiena's motion for partial summary judgment; motion denied; and, as so modified, affirmed.