■ In the Matter of MARINE MIDLAND BANK, as Trustee Under the Last Will and Testament of JOHN P. HERRMANN, Deceased. CANISIUS COLLEGE et al., Appellants, v MARINE MIDLAND BANK, N. A., et al., Respondents. (Appeal No. 1.)—Order unanimously modified on the law and as modified affirmed with costs to objectors and matter remitted to Erie County Surrogate's Court for a hearing, in accordance with the following memorandum: The objectors to this trust accounting proceeding are five charitable organizations named as remaindermen under a will. After the will had been probated and the administratrix c. t. a. discharged, the remaindermen's attorney informed the trustee, Marine Midland Bank, that the trust could be reformed to permit the trust to obtain a sizeable tax refund. The trust was duly reformed and the tax refund forms were prepared by an accountant, but no one filed the form and this was not discovered until after the Statute of Limitations to recover the refund had run. The tax refund amounts to between $50,000 and $84,000. The remaindermen object to this trust accounting proceeding, claiming that there is $84,000 missing from the trust, representing the lost tax refund. The trustee sought to avoid liability by placing the duty to file the return on the will's administratrix, who had already been discharged before the idea of reforming the trust was suggested. The remaindermen moved for summary judgment on their claim and the Surrogate denied the motion. This was error.

A trust shall be administered with due regard to the respective interest of income beneficiaries and remaindermen (EPTL 11-2.1 [a] [1]). The Marine Midland Bank, as trustee, filed a petition on August 19, 1974 to be appointed trustee under the last will and testament of John P. Herrmann, deceased. Once

the trustee accepts its designation, responsibilities in respect to the trust spring into being *(Matter of Brunner,* 26 AD2d 838, 839). The duty to reduce the trust res to its possession is one of the trustee's first duties. The trustee is also under a duty to the beneficiaries to take reasonable steps to realize on claims which it holds in trust (1 Restatement of Trusts [Second] § 177; 2 Scott, Trusts § 177 [3d ed]; *see also, Frontier Excavating v Sovereign Constr. Co.,* 30 AD2d 487, 490, *appeal dismissed* 24 NY2d 991) and may be charged with the value of assets which never came into its possession if it failed in its duty to acquire them *(see, In re Reinboth,* 157 F 672, 674). It was the duty of the trustee to employ diligence and prudence in the management of the trust estate. Delegation of such duties to another is no excuse. Where there is such a fiduciary relationship, the question of good faith and honesty of purpose is unimportant *(Matter of Osborn,* 252 App Div 438, 444). The charitable remaindermen are entitled to summary judgment against the trustee on the issue of liability.

Since the record is inconclusive as to the amount of the refund, a hearing is necessary to resolve that issue. (Appeal from order of Erie County Surrogate's Court, Mattina, S.—summary judgment.) Present—Callahan, J. P., Doerr, Green, Pine and Davis, JJ.