■ DAVID LEVY, Respondent, v CCA INDUSTRIES, INC., et al., Appellants.—Weiss, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an

order of the Supreme Court (Kelly, J.), entered June 9, 1989 in Rockland County, which denied defendants' motion for summary judgment dismissing the complaint.

The complaint alleges causes of action sounding in breach of contract, fraud and unjust enrichment emanating from an alleged agreement pursuant to which plaintiff introduced defendants to a business opportunity and disclosed details about a product called "mood lipstick" manufactured in Taiwan and theretofore unknown by defendants, for which he would be paid 5% of the proceeds of sales and receive stock options. Both sides signed a letter dated October 10, 1984 purporting to evidence their agreement which contained blank spaces to be completed by plaintiff identifying the Taiwanese manufacturer. Allegedly after disclosure by plaintiff, defendants successfully marketed the product but disclaimed any agreement with plaintiff and failed to pay him any compensation. Defendants contend, *inter alia*, that the Statute of Frauds (General Obligations Law § 5-701 [a] [10]) bars recovery and that, in any event, the October 10, 1984 letter contained conditions precedent which plaintiff failed to perform before entitlement to compensation.

Supreme Court denied defendants' August 1986 motion for summary judgment dismissing the complaint, finding that the October 10, 1984 memorandum was sufficient to satisfy the Statute of Frauds and that triable issues of fact existed which precluded summary judgment. Defendants' motion to reargue was denied and no appeal from either motion was ever perfected. The instant appeal is from the denial of defendants' April 1989 motion for summary judgment which essentially repeats their original summary judgment motion without additional facts. Supreme Court again denied the motion on similar grounds. This appeal ensued.

It has been well established that summary judgment may be granted only when it is clear that no triable issue of fact has been presented (*Andre v Pomeroy,* 35 NY2d 361). Even the color of a triable issue forecloses the remedy (*Matter of Benincasa v Garrubbo,* 141 AD2d 636). This record demonstrates that such issues are present. Defendants' attorney argues that if a subsequent document evidencing another agreement between the parties ever existed, it has never surfaced and that, in any event, plaintiff did not perform the terms of the October 10, 1984 letter agreement. Defendants further contend that in his affidavit in opposition to their summary judgment motion, plaintiff repudiated the only writing sufficient to meet the Statute of Frauds defense and,

accordingly, summary judgment should be granted on such grounds. We disagree.

Supreme Court correctly found that plaintiff has not repudiated the written agreement. Moreover, discovery which could resolve some of the outstanding issues has not been completed. Nor would such a rejection be dispositive of plaintiff's claims based upon fraud and quantum meruit (see, Shapiro v Dictaphone Corp., 66 AD2d 882; see also, Bomser v Moyle, 89 AD2d 202). The record discloses a signed document sufficient to defeat this motion, although its exact role remains an issue of fact to be resolved at trial. It is the movant's burden in the first instance to tender sufficient evidence to establish a prima facie entitlement to judgment by eliminating any material issues of fact from the case (Winegrad v New York Univ. Med. Center, 64 NY2d 851). We find the affidavit of defendants' attorney insufficient to establish such entitlement (see, Hasbrouck v City of Gloversville, 102 AD2d 905, affd 63 NY2d 916). We further find unpersuasive defendants' argument that plaintiff failed to fully perform his side of the bargain. Plaintiff has clearly averred that defendants breached and repudiated the agreement within days after it was made. Summary judgment was therefore properly denied.

Order affirmed, with costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.