■ In the Matter of the Estate of ARTHUR M. SACKLER, Deceased. GILLIAN T. SACKLER et al., Respondents; CAROL MASTER et al., Appellants. [598 NYS2d 81] —In a proceeding seeking construction of the will and trust indenture of the decedent Arthur M. Sackler, the appeal, as limited by the appellants' briefs, is from so much of a decree of the Surrogate's Court, Nassau County (Radigan, S.), dated February 22, 1991, as granted the petitioner Gillian T. Sackler possession of the artwork of the trust, including the privilege to loan the artwork without consent of the appellant trustees, and denied the appellant trustees the authority to loan the artwork without consent of the petitioner.

Ordered that the decree is reversed insofar as appealed from, on the law, with costs to the appellants payable by the estate, the first, second, and third decretal paragraphs of the decree are deleted, and the trustees are granted the exclusive right to possess and to loan the artwork.

The Trust Indenture expressly grants the trustees the power to "retain and hold" the property of the trust. The Trust Indenture also states that "[t]he Trustees or their designated agents shall have sole custody of the assets of the trust and may solely perform all ministerial duties". Furthermore, general principals of trust law provide that, absent a contrary provision in the trust instrument, the trustees are to take possession of trust assets (see, Matter of Marine Midland Bank v Canisius Coll., 127 AD2d 999, 1000; 41 NY Jur 2d, Decedent's Estates, § 1576, at 119; 6 Bogert, Trusts & Trustees § 583, at 235-236 [2d ed]; Restatement [Second] of Trusts § 175, comment a, at 380; 2A Scott, Trusts § 175, at 480-481 [4th ed]). No contrary provision exists in the Trust Indenture here.

The Surrogate was concerned that by not granting the petitioner the possession and use of the artwork, he would "reduce the beneficial interest conferred" on the petitioner. However, the petitioner's beneficial interest consists of her right to the income of the trust assets, and the right to compel the trustees to convert any non-income-producing property into income-producing property. Nothing in the Trust Indenture grants her the right to the possession and use of the artwork.

The petitioner contends that the tax benefit of the marital deduction (see, 26 USC § 2056) will be lost if the trustees have control and possession of the trust assets. However, as long as the petitioner retains the right to compel the trustees to make

the property productive, the marital deduction is not threatened *(see,* 26 CFR 20.2056 [b]-[5] [f]).

We note that at oral argument all of the attorneys represented that they were willing to cooperate with each other to resolve future problems. We hope that the parties and their attorneys will make a good faith effort to do so.

We have examined the petitioner's remaining contentions and find them to be without merit. Sullivan, J. P., Balletta, Lawrence and Eiber, JJ., concur.