■ PAUL A. MODJESKA et al., Plaintiffs, and PAMELA E. FRANKLIN et al., Appellants, v JANET E. GREER et al., Respondents. [649 NYS2d 734] —White, J. Appeal from an order of the Supreme Court (Torraca, J.), entered January 31, 1996 in Ulster County, which denied a motion by plaintiffs Pamela E. Franklin, Nancy A. Ostin and Sharon M. Peters for summary judgment on the ninth cause of action of the second amended complaint.

Prior to September 13, 1971, Augustus P. Modjeska (hereinafter Augustus) owned six of the eight outstanding shares of capital stock in Modjeska Sign Studios, Inc. (hereinafter Modjeska). On that date, by means of a declaration of trust naming himself trustee and his wife, Sarah Modjeska, as successor trustee in the event of his death, Augustus placed his shares in trust for the benefit of his son, plaintiff Paul A. Modjeska (hereinafter plaintiff) and plaintiff's children, the four additional plaintiffs. However, on February 1, 1974, because of apparent disenchantment with plaintiff, Augustus transferred and delivered these six shares of Modjeska to defendant Janet E. Greer (hereinafter defendant), who was then plaintiff's wife. As the result of marital difficulties, plaintiff and defendant entered into an agreement on August 10, 1976 wherein plaintiff agreed to sell his two shares of Modjeska, along with other stock, to defendant for $455,000. It is undisputed that Augustus is deceased and survived by his wife, Sarah Modjeska, and further that in September 1988, without notice to plaintiffs, defendant sold the corporate assets of Modjeska to another entity thereby rendering the shares of Modjeska stock worthless.

Plaintiffs then commenced this action. In the ninth cause of action of the second amended complaint, plaintiffs Nancy A. Ostin, Sharon M. Peters and Pamela E. Franklin (hereinafter collectively referred to as plaintiffs) allege that defendants misappropriated Modjeska's assets and converted the proceeds of the sale for their own use and enjoyment. This appeal arises from Supreme Court's denial of their motion for summary judgment on this cause of action.

To obtain summary judgment, the movant must tender evidentiary proof in admissible form establishing the cause of ac-

tion in question sufficiently to warrant a court's directing judgment in the movant's favor as a matter of law (*see, Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067). To satisfy this burden in an action for conversion, plaintiffs were required to establish their legal ownership or immediate superior right of possession to the shares of stock and defendant's unauthorized interference with their ownership or possession (*see, Republic of Liberia v Bickford*, 787 F Supp 397, 402; *Ahles v Aztec Enters.*, 120 AD2d 903, 904, *lv denied* 68 NY2d 611). Plaintiffs did not meet this burden since they acknowledge in their brief that the trust is still extant, and thus, as the apparent owner of the shares in question, it would be the only entity entitled to pursue this cause of action (*see, Matter of Sackler*, 193 AD2d 806; *Cohn v United States Trust Co.*, 127 AD2d 523, 524; *see also*, EPTL 7-2.1 [a]). Accordingly, plaintiffs' motion was properly denied.

Mercure, J. P., Crew III, Casey and Spain, JJ., concur. Ordered that the order is affirmed, with costs.