■ ROD BIRDSALL, Appellant-Respondent, v SUIT-KOTE CORPORATION et al., Respondents-Appellants. [661 NYS2d 97] —Casey, J. Cross appeals from an order of the Supreme Court (Relihan, Jr., J.), entered July 5, 1996 in Cortland County, which denied plaintiff's cross motion for partial summary judgment and defendant's motion for summary judgment dismissing the complaint.

In March 1983, plaintiff entered into a stock option agreement with his employer, defendant Suit-Kote Corporation, pursuant to which he had the option to purchase an aggregate of 828 shares of Suit-Kote's class B common stock over a period of 10 years and four months. As is relevant to this action, section 10 of the agreement provided that if plaintiff quit or was fired his option privileges would terminate. If, however, plaintiff "retire[d] pursuant to any retirement plan of Suit-Kote or under such other circumstances as the Board of Directors shall approve", plaintiff's option privileges would continue and he could exercise the options up to three months after the date of his retirement.

As of August 2, 1993, the date plaintiff left Suit-Kote, he had purchased 510 shares of stock pursuant to the agreement. When plaintiff notified Suit-Kote by letter dated November 1, 1993 that he wanted to exercise his option to purchase the remaining 318 shares, Suit-Kote rejected this attempt claiming that any outstanding options that plaintiff may have had terminated when he voluntarily left Suit-Kote's employ and did not retire pursuant to any retirement plan of the corporation.

Plaintiff thereafter commenced this action against Suit-Kote and certain of its shareholders seeking, *inter alia*, specific performance regarding the sale of the 318 shares. Defendants ultimately moved for summary judgment seeking dismissal of the complaint and plaintiff cross-moved for partial summary judgment on his first cause of action for specific performance. Supreme Court denied both motions* and these cross appeals ensued.

The threshold issue here is whether plaintiff's acts of terminating his employment with Suit-Kote constituted retirement. If not, plaintiff's stock option rights were forfeited pursuant to section 10 of the agreement. Defendants point to several actions by plaintiff to support their argument that his behavior was more consistent with someone who was quitting or resigning rather than retirement. As plaintiff's opposition papers indicate, however, defendants acknowledged plaintiff's retirement through printed and verbal announcements made to Suit-Kote employees. Furthermore, in response to plaintiff's notice for discovery and inspection, defendants' counsel termed plaintiff's departure as retirement. Given this evidence, we find that a triable issue of fact exists as to whether plaintiff's

---

* We note that Supreme Court denied these motions without a written memorandum, thereby depriving the parties and this Court of the benefit of its reasoning (*see, Dworetsky v Dworetsky*, 152 AD2d 895, 896).

departure from Suit-Kote was a voluntary termination other than retirement, thus making summary judgment inappropriate (*see generally, Zuckerman v City of New York*, 49 NY2d 557, 562; *Besicorp Group v Enowitz*, 235 AD2d 761, 763; *Levy v CCA Indus.*, 160 AD2d 1170).

Even if it is determined as a matter of law that plaintiff did retire from his employment rather than quit, summary judgment is precluded since questions of fact exist as to whether plaintiff did so "pursuant to any retirement plan * * * or under such other circumstances as the Board of Directors shall approve" such that his option privileges continued (*see generally, Modjeska v Greer*, 233 AD2d 589). First, the fact that plaintiff entered into a deferred compensation agreement with Suit-Kote does not establish as a matter of law that he satisfied the condition of the stock option agreement that he retire "pursuant to any retirement plan". Although it was indicated in the deferred compensation agreement that part of its purpose was because Suit-Kote employees "are desirous of securing a promise of supplemental retirement income to be paid to them", it also was clearly available to employees who stopped working full time for reasons other than retirement.

Plaintiff also argues that he met the retirement plan condition in the stock option agreement because he was entitled to all contributions made to or for his benefit under Suit-Kote's 401 (k) plan. As the 401 (k) plan clearly delineated the age requirements for receiving retirement benefits (early retirement age was 55, normal retirement age was 65 and late retirement age was any time after 65), plaintiff, who was 48 years old when he ceased working for Suit-Kote, did not establish as a matter of law that he had retired pursuant to the 401 (k) plan. Furthermore, the 401 (k) plan provided that participants could elect to receive a distribution of their vested account at any time after ceasing to be an employee, irrespective of receiving retirement benefits, as well as providing for direct rollovers of certain assets at times other than an employee's retirement.

Plaintiff finally argues, alternatively, that he retired "under such other circumstances as the Board of Directors shall approve" because he had the tacit and express approval of defendant Frank H. Suits, Sr., who controlled over 60% of the voting shares at the time of plaintiff's departure and who accepted plaintiff's letter of resignation on Suit-Kote's behalf. Even assuming that Suits, Sr. had the ability to make a binding decision for the Board of Directors, we find that an issue of fact was raised as to whether the characterization of plaintiff's departure by Suits, Sr. as a "retirement" in a posted announce-

ment was an approval of plaintiff's action or was just an attempt to create stability among Suit-Kote employees and customers. For all of these reasons, both motions for summary judgment were properly denied.

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.