■ In the Matter of the Accounting of JOHN HOLEHAN, as Executor of PETER J. HOLEHAN, Deceased, Appellant. (Proceeding No. 1.) In the Matter of the Accounting of PAUL HOLEHAN, as Trustee Under the Will of PETER J. HOLEHAN, Deceased, Appellant. (Proceeding No. 2.) PETER J. HOLEHAN, II, Respondent. [806 NYS2d 808]—

Appeal from a decree of the Surrogate's Court, Oneida County (John G. Ringrose, S.), entered July 20, 2004. The decree awarded the objectant $37,500 against petitioners after a nonjury trial.

It is hereby ordered that the decree so appealed from be and the same hereby is unanimously modified on the law by reducing the amount awarded to the objectant to $6,409.50 and as modified the decree is affirmed without costs.

Memorandum: Decedent died leaving a will in July 1996, and he named his brother John Holehan as executor and his brother Paul Holehan as trustee; both brothers are the petitioners herein. Letters testamentary and letters of trusteeship were issued in June 1997. Decedent bequeathed his one-half share of all of the stock in Hol-Cam Tavern Associates, Inc., a corporation that owned and operated a tavern, to his brother Paul, as trustee for the benefit of the objectant herein. The trustee was directed by the terms of the trust to pay to and accumulate for the benefit of the objectant the income from the trust property, and to distribute that property to the objectant upon his attaining the age of 21. Neither the executor nor the trustee undertook any action with respect to decedent's ownership in the tavern business, which continued to be operated by Gary Campbell, the other 50% shareholder, after decedent's death.

Petitioners filed their respective accounts in 2001, having been ordered to do so by Surrogate's Court, and the objectant filed objections seeking to surcharge petitioners for the breach

of their respective fiduciary duties. After a trial, the court sustained the objections and imposed a surcharge upon both petitioners in the amount of $37,500. Contrary to the contention of petitioners, the court properly determined that a surcharge should be imposed for their failure to take control of and preserve the sole asset of the trust (*see generally Matter of Skelly*, 284 AD2d 336 [2001]; *Matter of Herrmann*, 127 AD2d 999, 999-1000 [1987]). We agree with petitioners, however, that the court erred in calculating the amount of the surcharge.

Having rejected the expert opinion evidence of both petitioners and the objectant with respect to the value of decedent's one-half interest in the corporation, the court awarded the objectant $30,000 in lost income based on the fact that Campbell and decedent had each drawn salaries in the amount of $11,700 per year from the corporation. That calculation of lost income was erroneous, however, inasmuch as both Campbell and decedent had earned those salaries by working more than 40 hours per week at the tavern. We conclude that, rather than calculating the income lost to the trust based on the principals' salaries, the court should have awarded the objectant one half of the cumulative corporate net income earned during the tax years 1997 through 2001, or $6,409.50. We further conclude that the court erred in awarding the objectant $7,500 as reimbursement for one half of the corporate funds used to repay a $15,000 note given by the corporation and secured by a mortgage on the building housing the tavern, which was owned by Campbell and decedent as tenants in common. Consistent with the past practice of Campbell and decedent, the subject loan proceeds had been used for improvements to the building, which were paid for by the corporation either as or in lieu of rent. Indeed, the corporation took depreciation on its income tax returns for all such building improvement expenses over the years. There was thus no diminution of income to the corporation resulting from repayment of the $15,000 note. We therefore modify the decree accordingly. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Smith and Lawton, JJ.